JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

B -01- 009

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
Martin Torres-Castillo

## DEFENDANTS
E M Trominski, INS
District Director

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _Cameron_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586
956 421 3226

ATTORNEYS (IF KNOWN)
Lisa Putnam, SAUSA
PO Box 1711
Harlingen Tx 78551

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX
(For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC 2241 & Suspension Clause
Habeas of removal order

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 1/17/01

SIGNATURE OF ATTORNEY OF RECORD
Lisa S. Brodyaga

UNITED STATES DISTRICT COURT

United States District Court
Southern District of Texas
FILED

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**JAN 1 7 2001**

Michael N. Milby
Clerk of Court

**B -01- 009**

MARTIN TORRES-CASTILLO,      )
    PETITIONER,          )
                          )
v.                          )
                          )
E.M. TROMINSKI, INS DISTRICT  )
    DIRECTOR, and            )
Hon. JANET RENO, U.S. ATTORNEY  )
    GENERAL, RESPONDENTS.    )
                          )

## PETITION FOR WRIT OF HABEAS CORPUS

Martin Torres-Castillo, by and through the undersigned, files the
instant Petition for Writ of Habeas Corpus, asserting claims which
have not been addressed either by the U.S. Court of Appeals for the
Fifth Circuit, or by the Board of Immigration Appeals, when they
held that the new definition of "conviction" enacted by IIRIRA
could be applied retroactively. Mr Torres asserts, *inter alia*, that
it would violate Due Process to apply the new definition to him.

### I.   THE FACTS

1. Petitioner is a native and citizen of Mexico, who was admitted
to the United States as a lawful permanent resident on or about
October 25, 1991.  On May 26, 1995, pursuant to his plea of *nolo
contendere,* Mr. Torres was placed under community supervision for
a period of eight years, without adjudication of guilt, in
connection with a charge of sexual assault. At that time, such
proceedings did not constitute a "conviction" for immigration
purposes, and did not render Mr. Torres deportable. *See, Martinez-
Montoya v. INS,* 904 F.2d 1018 (5th Cir. 1990).

2. Mr. Torres relied on this fact in determining how to proceed in
the criminal case.  He considered himself innocent of the criminal

CutePDF - www.tuala.com

charges, insofar as he sincerely believed that the sexual relations at issue were consensual. In fact, shortly before he entered his plea, the court-appointed investigator obtained a tape-recording of the alleged victim explaining what "really happened" to her boy-friend, which tape exonerated Mr. Torres. But in order to obtain a speedy release from custody, and having been assured that this plea would not cause problems with his immigration status, he pled *nolo contendere*, and was placed under deferred adjudication.

3. However, on or about August 6, 1997, after the enactment of IIRIRA, which, *inter alia*, added 8 U.S.C. §1101(a)(48)(A), purporting to convert such dispositions into "convictions" for immigration purposes, INS issued a Notice to Appear, alleging that Mr. Torres had been "convicted" of said offense, and that he was deportable under 8 U.S.C. §§1227(a)(2)(A)(i) and (iii). He denied the allegations, and contested removability. Nonetheless, the Immigration Judge found that he was deportable, and, on July 29, 1998, summarily ordered him removed from the United States to Mexico. The Judge did not even specify which of the two charges of deportability he had found to be sustained. Although the factual allegations had been denied, and deportability was contested, the Immigration Judge did not hold a "merits hearing." He also issued only an "Order of the Immigration Judge," without an accompanying oral or written decision, as required by 8 C.F.R. §240.12. [1]

---

[1]    Said provision reads:

(a)--Contents. The decision of the immigration judge may be oral or written. The decision of the immigration judge shall include a finding as to inadmissibility or deportability. The formal enumeration of findings is not required. The decision shall also contain reasons for granting or denying the request. The decision shall be concluded with the order of the immigration judge.

(b)--Summary decision. Notwithstanding the provisions of paragraph (a) of this section, in any case where inadmissibility or deportability is determined on the

2

4.  Even assuming that this Order is construed to be a "decision," it is, at best, a "summary decision." However, under subparagraph (b), a "summary" decision is permissible only where deportability is determined "on the pleadings." This did not occur herein.

5.  A timely appeal followed.  On appeal, Mr. Torres raised a number of issues.  He argued that the case should be remanded, pursuant to *Matter of A-P-,* Interim Decision 3375 (BIA 1999) ("A summary decision pursuant to 8 C.F.R. § 240.12(b) (1998) may properly be issued by an Immigration Judge in removal proceedings in lieu of an oral or written decision only when the respondent has expressly admitted to both the factual allegations and the charges of removability..."). He also urged that the deferred adjudication proceedings did not constitute a final "conviction" under the new definition of that term, where there had been a plea of *nolo contendere*, in the context of a plea bargain for deferred adjudication, and in reliance on *Martinez-Montoya, supra.* [2]

---

pleadings pursuant to §240.10(b) and the respondent does not make an application under §240.11, the alien is statutorily ineligible for relief, or the respondent applies for voluntary departure only and the immigration judge grants the application, the immigration judge may enter a summary decision or, if voluntary departure is granted, a summary decision with an alternate order of removal.

[2] The Fifth Circuit later held that, under IIRIRA, deferred adjudication does constitute a conviction. *Moosa v. INS,* 171 F.3d 994 (5th Cir. 1999). However, the alien therein had entered his plea *prior to Martinez-Montoya, supra,* when the law was the same as under IIRIRA, so the Court did not reach the question of whether the new definition could be applied where, as here, there had been actual reliance on *Martinez-Montoya. Id.* at 497:

Next, Moosa asserts that applying the new definition of "conviction" to him presents retroactivity concerns because it increases his liability for past conduct. He asserts that he agreed to the deferred adjudication plea agreement "with an entirely different understanding of the immigration consequences of his plea". This

3

6. To avoid "mouse-trapping" unsuspecting immigrants, in *Matter of Soriano,* 21 I&N Dec. 516 (BIA 1996; AG 1997), the Attorney General allowed LPRs who had conceded deportability at a time when §212(c) relief was available to reopen proceedings and contest the charges. For the same reasons, Mr. Torres asserted that it constituted "mouse-trapping," and that it would violate Due Process, to apply the new definition of "conviction" to him, where he had made such important tactical decisions, based precisely on the immigration consequences of those choices. Since it is incumbent upon the BIA, and the federal judiciary, to seek a manner of interpreting a statute which avoids serious constitutional infirmities, under *Webster v. Reproductive Health Services*, 109 S.Ct. 3040 (1989), he urged that the statute be interpreted as not applying to him.

7. On September 29, 2000, Board Member Heilman, acting alone, issued a decision purporting to "affirm[], without opinion, the results of the decision below," under 8 C.F.R. §3.1(a)(7). [3]

_____

assertion is not borne out by the facts. When Moosa entered into the plea agreement in January 1990, Martinez-Montoya had not been issued and Matter of M (a 1989 decision) was still the law. It was not until July 1990, several months after Moosa pled guilty, that Martinez-Montoya was decided. In short, the current definition of conviction is, in fact, the same as the definition when Moosa pled guilty.

[3]   8 C.F.R. §3.1(a)(7) provides, in its entirety, as follows:

(7)--Affirmance without opinion.

(i)--   The Chairman may designate, from time-to-time, permanent Board Members who are authorized, acting alone, to affirm decisions of Immigration Judges and the Service without opinion. The Chairman may designate certain categories of cases as suitable for review pursuant to this paragraph.

(ii)--   The single Board Member to whom a case is assigned may affirm the decision of the Service or the Immigration Judge, without opinion, if the Board Member

4

(Petitioner's Exhibit A, herein incorporated by reference).

8. Pursuant to *Max-George v. Reno,* 205 F.3d 194, 200-201 (5th Cir. 2000) (IIRIRA repealed §2241 habeas jurisdiction of final orders of removal, but "substantial review" of constitutional questions would be conducted by the Fifth Circuit), Mr. Torres filed a timely petition for review.  He urged that he had been deprived of Due Process, to his substantial prejudice, for two reasons.

9. First, *as applied to him,* he urged that application of the new definition of conviction was impermissibly retroactive, and that

---

determines that the result reached in the decision under review was correct; that any errors in the decision under review were harmless or nonmaterial; and that
>    (A)-- the issue on appeal is squarely controlled by existing Board or federal court precedent and does not involve the application of precedent to a novel fact situation; or
>    (B)-- the factual and legal questions raised on appeal are so insubstantial that three-Member review is not warranted.

(iii)-- If the Board Member determines that the decision should be affirmed without opinion, the Board shall issue an order that reads as follows: "The Board affirms, without opinion, the result of the decision below. The decision below is, therefore, the final agency determination. See 8 CFR 3.1(a)(7)." An order affirming without opinion, issued under authority of this provision, shall not include further explanation or reasoning. Such an order approves the result reached in the decision below; it does not necessarily imply approval of all of the reasoning of that decision, but does signify the Board's conclusion that any errors in the decision of the Immigration Judge or the Service were harmless or nonmaterial.

(iv)-- If the Board Member determines that the decision is not appropriate for affirmance without opinion, the case will be assigned to a three-Member panel for review and decision. The panel to which the case is assigned also has the authority to determine that a case should be affirmed without opinion.

5

the Court should not ascribe the ignoble purpose to Congress of "mouse-trapping" unsuspecting immigrants, by inducing them to take "deferred adjudication" of contested criminal charges, in order to avoid immigration problems, and then retroactively turning that proceeding into a conviction which not only renders them removable, but deprives them of any opportunity to seek discretionary relief.

10.   He also urged that he was denied Due Process, to his substantial prejudice, by the summary proceedings at the BIA.  His contention that Congress could not have intended such "mouse-trapping" was not given meaningful consideration, in violation of the governing regulations.  *See also, Opie v. INS*, 66 F.3d 737, 740, (5th Cir. 1995), quoting *Ghassan v. INS*, 972 F.2d 631, 636 (5th Cir. 1992)  (Although the BIA need not "write an exegesis on every contention .... its opinion must reflect that it has heard and thought and not merely reacted.").

11.   On November 22, 2000, INS filed a motion to dismiss, on the grounds that 8 U.S.C. §1252(a)(2)(C) deprived the Fifth Circuit of jurisdiction over his petition.   Mr. Torres countered with a "Motion to Carry Respondent's Motion To Dismiss For Lack of Jurisdiction With the Merits of the Case, And, In The Alternative, Opposition To Said Motion To Dismiss." [4] He urged that dismissing his petition on motion would deprive him of the "substantial review" to which he was entitled under *Max-George v. Reno, supra,* and would therefore violate the Suspension Clause of the United States Constitution. [5]  *See, Swain v. Pressley*, 430 U.S. 372 (1977)

---

[4]    Although the Fifth Circuit Website reflects only the opposition to the motion to dismiss, the two were separate aspects of one pleading, and therefore, both were before the Court. (Petitioner's Exhibit B, herein incorporated by reference).

[5] Among other problems, the Court is not required to, and traditionally does not, explain its actions when granting a motion to dismiss.  This also deprives the petitioner of the possibility

(substitution of new, collateral remedy for habeas corpus does not violate the Suspension Clause where the remedy is co-extensive with the review which would be provided by habeas corpus, and is not "inadequate or ineffective" to test the legality of the detention). In the alternative, he opposed INS' motion.

12.  It is hornbook law that, when challenging orders of deportation, all non-citizens, and particularly, lawful permanent residents, may invoke the Suspension Clause, and, absent an equivalent alternative, may seek redress in Habeas Corpus. *See, Heikkila v. Barber,* 345 U.S. 229, 235 (1953) ("Now, as before, [an alien] may attack a deportation order only by habeas corpus").

13.  In *Requena-Rodriguez v. Pasquarell,* 190 F.3d 299 (5th Cir. 1999), the Fifth Circuit held that, at least in transitional cases, habeas corpus jurisdiction under 28 U.S.C. §2241 survived the 1996 amendments of IIRIRA to the Immigration Act.  In so doing, the Court relied upon Supreme Court case law from a prior epoch, such as discussed in *Heikkila v. Barber, supra,* when Congress had attempted to immunize deportation orders from judicial scrutiny to the fullest extent permitted by the Constitution. *Id.,* at 306:

> Thus, this court joins the majority of other circuits and holds that § 2241 habeas jurisdiction remains in transitional cases where § 1252(g) does not apply. This jurisdiction is broad enough to encompass Requena's retroactivity claim and his equal protection claim--both of which would have been cognizable even at the lowest pre-IIRIRA ebb of immigration habeas jurisdiction. *See, United States ex rel. Hintopoulos v. Shaughnessy*, 353 U.S. 72, 77, 77 S.Ct. 618, 621, 1 L.Ed.2d 652 (1957); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265, 74 S.Ct. 499, 502, 98 L.Ed. 681 (1954).

-------------------

of seeking further review, by means of a petition for rehearing, for *en banc* review, or for *certiorari* to the Supreme Court.

14. Nonetheless, on December 21, 2000, the Fifth Circuit granted INS' motion to dismiss for lack of jurisdiction. Significantly, the Court did not even address Mr. Torres' motion that the jurisdictional question should be carried with the merits of the case, in order to ensure that he receive the "substantial review" to which he is constitutionally entitled. (Petitioner's Exhibit C, herein incorporated by reference). This demonstrates all but conclusively that he did not receive the "substantial review" to which he is constitutionally entitled. *Heikkila v. Barber, supra*.

15. On January 10, 2001, INS issued a "bag and baggage" letter, ordering Mr. Torres to report for deportation on February 8, 2001. (Petitioner's Exhibit D, herein incorporated by reference).

## II. JURISDICTION

16. Therefore, Mr. Torres seeks habeas relief from this Court. He invokes jurisdiction directly under the Suspension Clause, as well as under 28 U.S.C. §2241, which other circuit courts of appeals have held to continue to be available to individuals such as he. *See, for example, Calcano-Martinez v. INS,* 232 F.3d 328 (2nd Cir. 2000) (Permanent rules of IIRIRA did not repeal Article III courts' habeas corpus jurisdiction to review legal challenges to final removal orders entered against legal resident aliens who were removable because of prior convictions); [6] *Flores-Miramontes v. INS,* 212 F.3d 1133 (9th Cir. 2000) (provision of IIRIRA that precludes court jurisdiction over challenges to removal orders brought by aliens who have committed certain criminal offenses did not limit or repeal court jurisdiction over petitions asserting such challenges, both statutory and constitutional, under 28 U.S.C.

---

[6] Certiorari was just granted in *Calcano-Martinez,* No. 1011, and in a companion case, *St. Cyr v. INS,* 229 F.3d 406 (2nd Cir. 2000), No. 00-767 (Supreme Court, January 12, 2001). The resolution of these case will control jurisdiction herein.

§2241); *Liang v. INS,* 206 F.3d 308 (3rd Cir. 2000) (IIRIRA does not deprive federal district courts of habeas jurisdiction over claims of aliens ordered deported for having committed criminal offenses; no provision of the permanent rules expressly refers to habeas jurisdiction, and elimination of habeas jurisdiction would give rise to serious constitutional problems under the Suspension Clause). *See also, Boz v. U.S.,* 228 F.3d 1290 (11th Cir. 2000) (alien's habeas claim that continued and indefinite detention after final removal order violated his due process rights was reviewable under IIRIRA; alien's claim affected substantive rights that traditionally had been reviewed even in the most restrictive immigration schemes, and alien had no other avenue for relief.)

### III. ISSUES RAISED

17. Mr. Torres asserts that the retroactive application of the new definition of "conviction" constitutes impermissible "mouse-trapping," and denies him Due Process. *See generally, Jideonwo v. INS,* 224 F.3d 692 (7th Cir. 2000) (alien presented a cognizable due process claim by showing that AEDPA §440(d), rescinding his eligibility for relief under §212(c) of the Immigration Act, had impermissible retroactive effect when applied to him, since he had relied on its availability at the time he pled guilty to the underlying offense); *St. Cyr v. INS, supra,* (bar to discretionary relief from removal was not properly applied retroactively to pre-enactment guilty pleas); *Magana-Pizano v. INS,* 200 F.3d 603,611 (9th Cir. 1999) (same); *Mattis v. Reno,* 212 F.3d 31 (1st Cir. 2000) (§212(c) relief continues to be available to residents whose convictions pre-dated AEDPA who actually and reasonably relied on its availability in pleading guilty to the criminal charges); and *Tasios v. Reno,* 204 F.3d 544,552 (4th Cir. 2000) (AEDPA §440(d) does not apply to guilty pleas predating its enactment). *See also,* Terry Coonan, "Dolphins Caught in Congressional Fishnets -

9

Immigration Law's New Aggravated Felons," 12 Geo. Immigr.L.J. 589, 592-605 (1998); Brent K. Newcomb, Comment, "Immigration Law and the Criminal Alien: A Comparison of Policies for Arbitrary Deportations of Legal Permanent Residents Convicted of Aggravated Felonies," 51 Okla.L.Rev. 697, 698-701 (1998); and Nancy Morawetz, "Rethinking Retroactive Deportation Laws and the Due Process Clause," N.Y.U.L.Rev., Vol 73, No. 1, April 1998.

18. Although it is well established that Congress may create new grounds for deportation, and apply those grounds retroactively, it is also the case that the justification for such retroactivity must independently pass constitutional muster. *See Pension Benefit Co. v. Gray*, 467 U.S. 717,729 (1984), quoting *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1,16-17 (1976) (emphasis added):

> To be sure, we went on to recognize that retroactive legislation does have to meet a burden not faced by legislation that has only future effects. "It does not follow ... that what Congress can legislate prospectively it can legislate retrospectively. The retroactive aspects of legislation, as well as the prospective aspects, must meet the test of due process, *and the justifications for the latter may not suffice for the former.*" ... But that burden is met simply by showing that the retroactive application of the legislation is itself justified by a rational legislative purpose. [7]

---

[7]   *See, Bartoszewska-Zajac v. INS*, ___ F.3d ___, (6th Cir. January 12, 2001) 2001 WL 27926, at *3 (Due Process satisfied if retroactive application is rationally related to a legitimate government purpose). *See also, Harisiades v. Shaughnessy,* 342 U.S. 580,593-96 (1952) where the Supreme Court rejected a constitutional challenge to legislation specifying that past membership in the Communist Party was grounds for deportation.. Prior legislation had made only present Communist Party membership grounds for deportation, and the Party had thereafter expelled non-citizen members. *Id.* 595-596:

> When the Communist Party as a matter of party strategy formally expelled alien members en masse, it destroyed

19.  Mr. Torres asserts that there is no rational relationship to a legitimate governmental purpose to be served by retroactively converting his plea of *nolo contendere* not only into a conviction, but into an aggravated felony, such that a factually innocent resident may be deported, with no hope of relief, or ever returning to the United States lawfully, for accepting a plea bargain, in reliance on the fact that it bore no immigration consequences.

20.  Mr. Torres also asserts that the failure of the BIA to give meaningful consideration to his claim violates Due Process, and that he was prejudiced thereby, because the Attorney General has previously indicated an unwillingness to accept the kind of "mouse-trapping" which occurred herein.  *Matter of Soriano, supra.*

Respectfully Submitted,

Lisa S. Brodyaga
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
Fed. ID:  1178
Texas State Bar:  03052800

---

any significance that discontinued membership might otherwise have as indication of change of heart by the individual. Congress may have believed that the party tactics threw upon the Government an almost impossible burden if it attempted to separate those who sincerely renounced Communist principles of force and violence from those who left the party the better to serve it. Congress, exercising the wide discretion that it alone has in these matters, declined to accept that as the Government's burden.

Justices Douglas and Black dissented. However, even accepting, as we must, that difficulty in discerning which former Communist Party members had "left the party the better to serve it" is a "rational legislative purpose" for making past Communist Party membership grounds for deportation, no such rational purpose is served herein.

11

## VERIFICATION OF COUNSEL

I, Lisa S. Brodyaga, hereby certify under penalty of perjury that I am familiar with the procedural aspects of the instant case, and that I spoke with the criminal investigator in the underlying criminal case, who informed me of the details of Mr. Torres' plea, and that, based on my investigation, all facts asserted herein are true and correct to the best of my knowledge and belief.

## CERTIFICATE OF SERVICE

I certify that a courtesy copy of the foregoing, with Exhibits A, B, C, and D, was personally served on the office of Lisa Putnam, SAUSA, 1709 Zoy St., Harlingen, Texas, on January 17, 2001.

12

FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARTIN TORRES-CASTILLO,           )
    PETITIONER,                   )
                                  )
v.                                )
                                  )
E.M. TROMINSKI, INS DISTRICT      )
    DIRECTOR, and                 )
Hon. JANET RENO, U.S. ATTORNEY    )
    GENERAL, RESPONDENTS.         )
_____)

EXHIBIT "A" IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

**Falls Church, Virginia 22041**

File:   A42-919-172 - Harlingen

Date:

In re: TORRES-CASTILLO, MARTIN

IN REMOVAL PROCEEDINGS

**SEP 2 9 2000**

APPEAL

ON BEHALF OF RESPONDENT:  Garcia, Thelma O.

ON BEHALF OF SERVICE:  Thomas M. Bernstein

ORDER:

PER CURIAM.  The Board affirms, without opinion, the results of the decision below.  The decision below is, therefore, the final agency determination.  *See* 8 C.F.R. § 3.1(a)(7).

FOR THE BOARD

FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARTIN TORRES-CASTILLO,            )
    PETITIONER,                    )
                              )
v.                                 )
                              )
E.M. TROMINSKI, INS DISTRICT       )
    DIRECTOR, and                  )
Hon. JANET RENO, U.S. ATTORNEY     )
    GENERAL, RESPONDENTS.          )
_____)


EXHIBIT "B" IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS

# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT


MARTIN TORRES-CASTILLO   )
           )
v.           )  No. 00-60738
           )
JANET RENO, UNITED STATES  )
  ATTORNEY GENERAL.   )
_____)

---

**PETITIONER'S MOTION TO CARRY RESPONDENT'S MOTION TO DISMISS
FOR LACK OF JURISDICTION WITH THE MERITS OF THE CASE,**

**AND, IN THE ALTERNATIVE,
OPPOSITION TO SAID MOTION TO DISMISS,**

**AND ADVISAL THAT THE PROCEDURAL ISSUES RAISED BY RESPONDENT'S
MOTION RENDER IT A RELATED CASE TO *GUERRERO-VELASQUEZ v. RENO*,
No. 99-60891.**

---

Lisa S. Brodyaga
Attorney at Law
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, TX  78586
(956) 421-3226

December 1, 2000

FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARTIN TORRES-CASTILLO, PETITIONER, | ) ) ) |
| v. | ) ) |
| E.M. TROMINSKI, INS DISTRICT DIRECTOR, and Hon. JANET RENO, U.S. ATTORNEY GENERAL, RESPONDENTS. | ) ) ) ) ) ) |

EXHIBIT "C" IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS

ɩ IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-60738

MARTIN TORRES-CASTILLO

      Petitioner

  v.

JANET RENO, U S Attorney General

      Respondent

U.S. COURT OF APPEALS
**FILED**

DEC 2 1 2000

CHARLES R. FULBRUGE III
        CLERK

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
---------------------

Before HIGGINBOTHAM, WIENER, and BARKSDALE,  Circuit Judges.

BY THE COURT:

    IT IS ORDERED that respondent's motion to dismiss petition for review for lack of jurisdiction is GRANTED.

    IT IS FURTHER ORDERED that respondent's alternative motion for an extension of 30 days after disposition of motion to dismiss petition in which to file the administrative record is DENIED as moot.

FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARTIN TORRES-CASTILLO,   )
  PETITIONER,     )
           )
v.          )
           )
E.M. TROMINSKI, INS DISTRICT )
  DIRECTOR, and     )
Hon. JANET RENO, U.S. ATTORNEY )
  GENERAL, RESPONDENTS.  )
_____)

EXHIBIT "D" IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS

Case 1:01-cv-00009   Document 1   Filed in TXSD on 01/17/2001   Page 21 of 24

# UNITED STATES DEPARTMENT OF JUSTICE

### Immigration and Naturalization Service
### 2102 Teege Avenue
### Harlingen, Texas  78550

File No.: A42 919 172
Date:      January 10, 2001

Martin TORRES Castillo
236 Elda Drive
Brownsville, TX 78521

As you know, following a hearing in your case you were found deportable and the hearing officer has entered an order of deportation. A review of your file indicates there is no administrative relief which may be extended to you, and it is now incumbent upon this Service to enforce your departure from the United States.

Arrangements have been made for your departure to _____ Mexico _____
                                                                                              (COUNTRY)
on __February 08, 2001_____ from _____ Brownsville, Texas _____ on
the        (DATE)                                                (PORT OF DEPARTURE)
Ground Transportation _____.
                              (NAME OF VESSEL, AIRLINE, OR OTHER TRANSPORTATION)
You should report to a United States Immigration Officer at Room ___DB (Deportation)
                                                                                             (NO.)
Harlingen District Office, 2102 Teege Avenue, Harlingen, Texas  78550
                                          (ADDRESS)
at ____10:00A.M. February 08, 2001___ completely ready for deportation. At the time of
           (HOUR AND DATE)
your departure from _____Los Fresnos, TX_____ you will be limited to _40_ lbs. of baggage.
                              (PLACE OF SURRENDER)
Should you have personal effects in excess of this amount you must immediately

contact _____Mr. Refugio Huerta_____ at _(956) 427-8692_____ or come
                         (NAME OF OFFICER)                            (PHONE NO. AND EXT.)
in person at the address noted above, and an appropriate disposition of your excess

baggage will be discussed with you.

CERTIFIED MAIL #  7106 4575 1294 1480 2686

Very truly yours,

FORM I-166
(REV. 04/01/89)

Thelma Garcia
301 East Madison
Harlingen, TX 78550

E. M. Trominski
District Director

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

_Southern_ **DISTRICT OF** _Texas_

_Martin Torres- Castillo_

**SUMMONS IN A CIVIL ACTION**

v.

_E. M. Trominski_
_INS District Director_

**CASE NUMBER:**  B -01- 009

TO: (Name and Address of Defendant)

_US Attorney_
_PO Box  61129_
_Houston TX  77208_

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

an answer to the complaint which is herewith served upon you, within _____ _60_ _____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

**Michael N  Milby, Clerk**

CLERK

BY DEPUTY CLERK

DATE _January 17, 2001_

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

SOUTHERN ——— DISTRICT OF ——— TEXAS

Martin Torres-Castillo

V.

E.M. Trominski, INS District Director

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:

TO: (Name and Address of Defendant)

Hon. Janet Reno, United States Attorney General
950 Pennsylvania Ave. N.W. Suite 5111
Washington, D.C. 20530-0001

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa S. Brodyaga, Attorney

Refugio Del Rio Grande
17891 Landrum Park Road
San Benito, TX 78586

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N Milby, Clerk

CLERK

BY DEPUTY CLERK

DATE    January 17, 2001

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

SOUTHERN      **DISTRICT OF**      TEXAS

_Martin Torres-Castillo_

V.

E.M. Trominski, INS District Director

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:

B -01 - 009

TO: (Name and Address of Defendant)

E.M. Trominski
2102 Teege
Harlingen, Texas 78550

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa S. Brodyaga, Attorney

Refugio Del Rio Grande
17891 Landrum Park Road
San Benito, TX 78586

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N Milby, Clerk

CLERK

BY DEPUTY CLERK

DATE _January 17, 2001_