3

United States District Court
Southern District of Texas
FILED

FEB 0 1 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARTIN TORRES-CASTILLO,  )
    PETITIONER,  )
  )
v.  )
  )
E.M. TROMINSKI, INS DISTRICT  )
    DIRECTOR, and  )
Hon. JANET RENO, U.S. ATTORNEY  )
    GENERAL, RESPONDENTS.  )
_____ )

CAB-01-009

SUPPLEMENTAL POINTS AND AUTHORITIES IN SUPPORT OF
PENDING PETITION FOR WRIT OF HABEAS CORPUS

Martin Torres-Castillo, by and through the undersigned, files the instant Supplemental Points and Authorities, In Support of His Pending Petition for Writ of Habeas Corpus.

Attached herewith, (and incorporated by reference as Petitioner's Exhibit F), is a copy of the Order of the District Court, Western District of Texas, in *Mancha-Chairee v. Garcia,* No. EP-00-CA-242-M, filed November 22, 2000. In said Order, the District Court found that although statutory jurisdiction in habeas corpus had been repealed, in accordance with the test established by the Fifth Circuit in *Max-George v. Reno,* 205 F.3d 194, 196-99 (5th Cir. 2000), habeas jurisdiction existed directly under the Suspension Clause of the U.S. Constitution to determine whether the law was being applied in a constitutional manner.

Petitioner herein also asserts that the law (i.e., the new definition of "conviction," found at 8 U.S.C. §1101(a)(48)(A), is being applied to him in a manner which violates the Due Process and Equal Protection guarantees of the U.S. Constitution. Therefore, for the reasons expressed in *Mancha-Chairee*, he urges that this Court must, in accordance with *Max-George, supra,* assume habeas

jurisdiction directly under the Suspension Clause.

Respectfully Submitted,

*Lisa S. Brodyaga*

Lisa S. Brodyaga
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
Fed. ID: 1178
Texas State Bar: 03052800

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, with Exhibit F, was mailed, first-class postage prepaid, to Lisa Putnam, SAUSA, P.O. Box 1711, Harlingen, Texas, 78551, on January 31, 2001.

_____

2

FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARTIN TORRES-CASTILLO,<br>    PETITIONER, | )<br>)<br>) |
| v. | )<br>) |
| E.M. TROMINSKI, INS DISTRICT<br>    DIRECTOR, and<br>Hon. JANET RENO, U.S. ATTORNEY<br>    GENERAL, RESPONDENTS. | )<br>)<br>)<br>)<br>) |

EXHIBIT "F" IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

JUAN ALONSO MANCHA-CHAIREZ, §
§
Petitioner, §
§
v. § No. EP-00-CA-242-H
§
LUIS GARCIA, District Director, §
United States Immigration and §
Naturalization Service, §
§
Respondent. §

FILED
NOV 22 2000
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

## ORDER REGARDING RESPONDENT'S MOTION TO DISMISS

Juan Alonso Mancha-Chairez ("Mancha") petitioned for a writ of habeas corpus, asking that the Court enjoin the United States Immigration and Naturalization Service ("INS") from removing him to Mexico. The Respondent asks this Court to dismiss his petition, arguing that it lacks subject matter jurisdiction under the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"). The Court disagrees, in part, finding that it has jurisdiction under the United States Constitution.

### Factual and Procedural Background

On November 5, 1975, the United States admitted Mancha to this country as a lawful permanent resident. On May 26, 1986, Mancha pleaded guilty to unlawful possession of marihuana—a third degree felony—in the 210th District Court of El Paso County, Texas. That court deferred adjudication and placed him on probation for five years. Almost nine years later, Mancha pleaded guilty to misdemeanor possession of marihuana, this time in the United States District Court for the District of New Mexico. That court sentenced him to six months probation.

The INS commenced removal proceedings against Mancha on March 25, 1998. At his removal hearing, Mancha asked that the immigration judge cancel his removal proceedings under the discretionary relief provisions of the Immigration and Nationality Act ("INA") § 240A, 8 U.S.C. § 1229b (1999). The INS opposed Mancha's request, arguing that he was statutorily ineligible for cancellation of removal. The INS argued that because Mancha had a prior drug conviction in state court, his federal misdemeanor drug conviction should be considered a felony drug conviction under 21 U.S.C. § 844(a) (1999). Because his drug conviction should be considered a felony, the INS reasoned, Mancha had been convicted of a "drug trafficking crime," as defined by 18 U.S.C. § 924(c)(2) (2000). Because Mancha was convicted of a "drug trafficking crime," the INS further reasoned, this conviction is an "aggravated felony" under INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B). Because Mancha is an aggravated felon, the INS concluded, he was ineligible for cancellation of removal under INA § 240A(a)(3), 8 U.S.C. § 1229b(a)(3).

The immigration judge rejected this argument, and cancelled Mancha's removal proceedings. The INS appealed to the Board of Immigration Appeals ("BIA"). On February 26, 1999, the BIA reversed the cancellation order, accepting the INS's argument that Mancha was an aggravated felon under the INA. Mancha appealed the BIA's decision to the Fifth Circuit Court of Appeals. On June 27, 2000, the Fifth Circuit dismissed his

appeal for lack of jurisdiction based on 8 U.S.C. § 1252(a)(2)(B)(i). See Mancha-Chairez v. Reno, No. 99-60157, slip op. at 5-6 (5th Cir. June 27, 2000) (per curiam).

On August 17, Mancha filed a petition for a writ of habeas corpus with this Court, alleging jurisdiction under: (1) 28 U.S.C. § 2241 (1999) ("section 2241"); (2) 28 U.S.C. § 1651 (1999) ("section 1651"); and (3) article I, section 9, clause 2 of the United States Constitution ("Suspension Clause"). On August 22, the Court issued an order enjoining the INS from removing Mancha to Mexico. See Mancha-Chairez v. Garcia, No. EP-00-CA-242-H, Order Granting Stay of Removal, slip op. at 5 (W.D. Tex. Aug. 22, 2000). On September 11, the Respondent filed a motion to dismiss Mancha's petition for lack of jurisdiction. After an extension of time from this Court, Mancha filed a timely response on October 24.

## Discussion

In 1996, Congress passed the IIRIRA. After passage of this Act, two sets of rules—transitional and permanent—govern immigration proceedings, depending on their timing. See Requena-Rodriguez v. Pasquarell, 190 F.3d 299, 302-03 (5th Cir. 1999). Because Mancha's removal proceedings began after April 1, 1997, his case is governed by the IIRIRA's permanent rules.[1] See Finlay v. I.N.S., 210 F.3d 556, 557 n.1 (5th Cir. 2000).

---

[1] The Respondent incorrectly asserts that the IIRIRA's transitional rules govern this case. See Resp't Mot. to Dismiss at p. 4.

A. **This Court has no statutory basis for asserting jurisdiction**

The IIRIRA's permanent rules strip this Court of any jurisdiction to hear Mancha's petition under section 2241 or section 1651. Mancha seeks review of the BIA's decision to reverse the immigration judge's discretionary cancellation of removal. See Mancha-Chaires, No. 99-60157, at 5-6. Under the permanent rules, "[n]otwithstanding any other provision of law, no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b (discretionary cancellation of removal)." 8 U.S.C. § 1252(a)(2)(B)(i). This section strips the Court of any jurisdiction under section 2241 or section 1651. See Perez v. Reno, 227 F.3d 294, 295 (5th Cir. 2000) (per curiam); Max-George v. Reno, 205 F.3d 194, 198-99 (5th Cir. 2000), petition for cert. filed, (U.S. Aug. 23, 2000) (No. 00-6280); Ruen v. Reno, 99 F. Supp. 1204, 1210 (N.D. Ill. 1998); see also Darapina v. Reno, 72 F. Supp.2d 1132, 1158 (E.D. Cal. 1999) (finding section 1651 inapplicable in cases where IIRIRA controls jurisdiction). Therefore, this Court has no statutory basis for exercising jurisdiction over this case.

Mancha invites this Court to follow other Courts of Appeal that have disagreed with the Fifth Circuit's view of the permanent rules' jurisdiction-stripping effect. See, e.g., Liang v. I.N.S., 206 F.3d 308, 320-21 (3rd Cir. 2000). The Court respectfully declines this invitation. This Court has a legal duty to follow Fifth Circuit precedent. See Sabocubas v. Geao-Prakla, 78 F. Supp.2d 603, 605, 607 (S.D. Tex. 1999).

4

B. **This Court has jurisdiction under the Constitution**

While this Court has no statutory jurisdiction to hear Mancha's petition, it has jurisdiction under the Suspension Clause. See U.S. CONST. art. I, § 9, cl. 2 ("The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public safety may require it"). In *Max-George v. Reno*, the Fifth Circuit held that courts must make three specific inquiries to determine whether they have jurisdiction under the Suspension Clause. See *Max-George*, 205 F.3d at 199. Only if all three inquires are answered in the affirmative must the court dismiss the petition for lack of jurisdiction. See id. First, courts must determine "if the specific conditions exist that bar jurisdiction." Id. Second, courts must determine "whether the particular provisions classifying the petitioner under the jurisdiction-stripping provision (for example, as having committed an 'aggravated felony' ...) are being constitutionally applied." Id. at 200. Third, courts must determine whether the level of judicial review in the case satisfies the Constitution. See id.

The Court answers the first inquiry in the affirmative. As noted above, IIRIRA's permanent rules bar this Court from reviewing the BIA's decision to reverse the immigration judge's discretionary cancellation of removal. See supra, pp. 3-4. Similarly, the Court answers the third inquiry in the affirmative. The level of judicial review in Mancha's case satisfies constitutional requirements. See *Max-George*, 205 F.3d

5

at 201-02. But the Court answers the second inquiry in the negative.

Under the second inquiry, this Court must determine whether the particular provisions classifying Mancha as an aggravated felon are being constitutionally applied. See id. at 200. Mancha asserts that his classification as an aggravated felon was arbitrary and irrational and, therefore, violated his constitutional right to equal protection. Specifically, he asserts that the BIA classifies an individual as an aggravated felon if that individual is convicted in federal court of a misdemeanor drug possession and has a prior state drug conviction. But, Mancha claims, the BIA does not classify an individual as an aggravated felon if that individual is convicted in state court of a misdemeanor drug possession and has a prior state drug conviction. Compare In re Mancha-Chaires, A34 690 070 (BIA 1999) (unpublished opinion) with In re Marin-Hernandez, A36 096 211 (BIA 1999) (unpublished opinion).

The Court concludes that Mancha makes a colorable equal protection claim. The Due Process Clause of the Fifth Amendment to the Constitution protects all individuals in the United States, including aliens. See Matthews v. Diaz, 426 U.S. 67, 77 (1976). And this clause incorporates the guarantees of equal protection under the law. See Johnson v. Robison, 415 U.S. 361, 364 n.4 (1974). Consequently, the Due Process Clause extends the guarantees of equal protection to Mancha.

While Mancha is entitled to equal protection, the Court uses

minimal scrutiny in evaluating the INS's actions. See Sudomir v. McMahon, 767 F.2d 1456, 1464 (9th Cir. 1985) (internal citations omitted). The federal government enjoys plenary power over immigration and naturalization. See Reno v. Flores, 507 U.S. 292, 305-06 (1993). Because of this plenary power, the judiciary reviews immigration decisions with a mere rational basis standard of review. See Young v. I.N.S., 76 F.3d 337, 339 (11th Cir. 1995). Under this standard, a court must uphold the INS's decision unless it is arbitrary or irrational. See Toscano-Gil v. Trominski, 210 F.3d 470, 474 (5th Cir. 2000); Young, 76 F.3d at 339.

Assuming Mancha's allegations are true, as this Court must in a motion to dismiss, they show that his classification as an aggravated felon might be irrational or arbitrary. See Alvidres-Reyes v. Reno, 981 F. Supp. 1008, 1009 (W.D. Tex. 1997), vacated on other grounds, 180 F.3d 199 (5th Cir. 1999). Classifying an individual as an aggravated felon because he had the misfortune of being prosecuted in federal court rather than state court is arguably arbitrary and irrational.² Cf. Young, 76 F.3d at 339-41 (holding that classification based upon whether an alien departed and reentered the United States was arbitrary and irrational); Garberding v. I.N.S., 30 F.3d 1187, 1190-91 (9th Cir. 1994) (holding that classification based upon whether an alien's conviction has been expunged under state or federal law

---

² The court will defer deciding whether the BIA's classification violated Mancha's equal protection rights until both parties have had an opportunity to fully address the issue.

was arbitrary and irrational); *Francis v. I.N.S.*, 532 F.2d 268, 272-73 (2d Cir. 1976) (holding that classification based upon whether an alien departed and reentered the United States was arbitrary and irrational); *Song v. I.N.S.*, 82 F. Supp.2d 1121, 1131-34 (C.D. Cal. 2000) (holding that classification based upon whether an alien was lawfully admitted to this country was arbitrary and irrational).

Because Mancha's classification as an aggravated felon might be arbitrary and irrational, he makes a colorable equal protection claim. Therefore, the Court must answer the second *Max-George* inquiry in the negative and deny the Respondent's motion to dismiss.

It is therefore ORDERED that the Respondent's motion to dismiss the above-styled and numbered cause be, and it is hereby, DENIED.

It is further ORDERED that Petitioner's motion for leave to file a response to Respondent's motion to dismiss in excess of the page number limitation be, and it is hereby, GRANTED.

SIGNED AND ENTERED this 22nd day of November, 2000.

*/s/ Harry Lee Hudspeth*
HARRY LEE HUDSPETH
UNITED STATES DISTRICT JUDGE