

United States District Court
Southern District of Texas
FILED

MAR 1 4 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARTIN TORRES-CASTILLO,      )
    Petitioner,              )
                           )
                           )
v.                         )     Civil Action No. B-01-009
                           )
E.M. TROMINSKI, INS          )
DISTRICT DIRECTOR, et al.    )
    Respondents.             )
_____)

## RESPONDENTS' MOTION TO DISMISS

COMES NOW, Respondents, by and through Mervyn M. Mosbacker, United States

Attorney for the Southern District of Texas, and hereby files this Motion to Dismiss this case for

lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

### STATEMENT OF FACTS

Petitioner, Martin Torres-Castillo ("Torres") is a male, native and citizen of Mexico, who

entered the United States as a legal permanent resident on October 25, 1991. Government

Exhibit _A_. He was convicted on May 26, 1995, in the 350th District Court of Taylor County,

Texas, of sexual assault. Adjudication of guilt was deferred and he was sentenced to eight years

probation. Government Exhibit _B_. Based upon his conviction, Torres was placed in removal

proceedings.

1

A Notice to Appear was issued on August 6, 1997, charging Torres as removable pursuant to 8 U.S.C. §1227(a)(2)(A)(i) for having been convicted of a crime involving moral turpitude committed within five years after admission for which the sentence was one year or more and pursuant to 8 U.S.C. §1227(a)(2)(A)(iii) for having been convicted of an aggravated felony, to wit: sexual assault.  Government Exhibit  C .

By order dated July 29, 1998, the immigration judge ("IJ") found Torres subject to removal and, having been ineligible for relief, ordered him removed to Mexico.  Government Exhibit  D .  Torres appealed that decision to the Board of Immigration Appeals ("Board" or "BIA").  On September 29, 2000, the Board affirmed the IJ's decision.  Government Exhibit  E .

Torres filed a Petition for Review with the Fifth Circuit Court of Appeals ("Fifth Circuit") in October 2000.  The Fifth Circuit dismissed that Petition for lack of jurisdiction on December 21, 2000.  Government Exhibit  F .    Thereafter, Torres filed a Petition for Habeas Corpus with this Court.

## ARGUMENT

### THIS COURT DOES NOT HAVE JURISDICTION OVER THIS PETITION FOR WRIT OF HABEAS CORPUS

On February 24, 2000, the Fifth Circuit issued its decision in <u>Max George v. Reno</u>, 205 F.3d 194 (5th Cir. 2000) which, addresses the very jurisdictional issue as the instant case.  For the first time, the Fifth Circuit examined the "permanent" jurisdiction-stripping provisions enacted by Congress under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L.

2

104-208, 110 Stat. 3009 (September 30, 1996) ("IIRIRA"). Unlike the "transitional" rules of IIRIRA, the jurisdiction-stripping provisions of IIRIRA's "permanent" rules are far more explicit because they "all begin with ... more preclusive language: [n]otwithstanding any other provision of law, no court shall have jurisdiction." Max-George, at 197, citing Requena-Rodriguez v. Pasquarell, 190 F.3d 299, 305-06 (5th Cir. 1999).

"We hold that IIRIRA eliminates §2241 jurisdiction for aliens like Max-George [and Petitioner]. The clear language of IIRIRA's permanent rules force an alien to raise all potential issues regarding his deportation at one place and time: **a petition for review filed in the court of appeals.**" Max-George at 198 (emphasis added). What the Supreme Court has called the "unmistakable zipper clause" in Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, ____, 119 S.Ct. 936, 943 (1999), IIRIRA provides that:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from an action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this subsection.

8 U.S.C. §1252(b)(9). Therefore, "every question involving the removal of an alien from the United States, whether of law or factual application, statutory or constitutional interpretation, is to be consolidated in **a petition for review** available only as defined by other provisions within §1252." Max-George, at 198 (emphasis added); see American Arab, 525 U.S. at ___, 119 S.Ct. at 943 ("[I]t is a sort of 'zipper clause' that says 'no judicial review in deportation cases unless this section provides judicial review.'"); see also Requena-Rodriguez, 190 F.3d at 305-06.

3

The applicable provision to this case is 8 U.S.C. §1252(a)(2)(C). That provision explicitly withdraws all jurisdiction of final orders removing certain aliens from the United States.

> Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 212(a)(2) [8 U.S.C. §1182] or 237(a)(2)(A)(iii) [aggravated felony], (B) [controlled substance], (C) [certain firearm offenses], or (D) [miscellaneous crimes] [8 U.S.C. §1227(a)(2)(A)(iii), (B), (C), or (D)], or any offense covered by section 237(a)(2)(A)(ii) [crimes involving moral turpitude] [8 U.S.C. §1227(a)(2)(A)(ii)] for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 237(a)(2)(A)(i) [8 U.S.C. §1227(a)(2)(A)(i)].

8 U.S.C. §1252(a)(2)(C). The Petitioner is removable for having been convicted of an aggravated felony. This jurisdiction-limiting language "clearly precludes habeas jurisdiction under 28 U.S.C. §2241, which is merely an 'other provision of law' which gives federal judges the power to grant writs of habeas corpus." Max-George, at 198-199; see Ex Parte Bollman, 8 U.S. (4 Cranch) 75, 94-95, 2 L.Ed. 554 (1807) ("[T]he power to award the writ by any of the courts of the United States, must be given by written law."); Felker, 518 U.S. at 664, 116 S.Ct. at 2340.

Accordingly, the Fifth Circuit found "that IIRIRA's permanent provisions eliminate §2241 habeas corpus jurisdiction for those cases that fall within §1252(a)(2)(C)." Max-George, at 199. The Fifth Circuit went on to say that this interpretation does not completely foreclose judicial review, an issue of particular concern to the Petitioner. "While IIRIRA has eliminated federal court jurisdiction in these particular immigration cases, it leaves open some judicial consideration, **in petitions for review**, of appeals from BIA decisions." Max-George, at 199 (emphasis added).

4

The three-prong test set out in Max-George, (199-201) and elluded to by the Petitioner (Petitioner's Exhibit F)1 is a test set out for use by the Court of Appeals in determining whether the petition for review must be dismissed for lack of jurisdiction. "[C]ourts must make three specific inquires. Only if all of them are answered affirmatively must the **petition for review** be dismissed for lack of jurisdiction." Id. at 199 (emphasis added). The appropriate place for a determination of the issues at hand is before the Fifth Circuit by a petition for review, not before the District Court under a habeas corpus petition.

For the reasons stated above, this Court should dismiss this petition for writ of habeas corpus for lack of jurisdiction.

Respectfully submitted,

FRANK W. HUNGER
Assistant Attorney General
Civil Division

MERVYN M. MOSBACKER
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney/Attorney in Charge
Georgia Bar No. 590315/Federal Bar No. 23937
P.O. Box 1711
Harlingen, Texas 78551
Tel: (956) 389-7051/Fax: (956) 389-7057

Date:   March 13, 2001

---

1 Petitioner's Exhibit F is a copy of a decision from the District Court for the Western District of Texas, Mancha-Chairez v. Garcia, EP-00-CA-242-M, wherein the District Court found habeas corpus jurisdiction did exist in the District Court. The El Paso District Court found that it could not answer all three inquiries in the Mancha case in the affirmative. Since the District Court answered the second inquiry in the negative, it found that Mancha's classification as an aggravated felon was arbitrary and irrational and, therefore, violated his constitutional right to equal protection. Not only can Mancha be distinguished on its facts, Max-George makes it clear that the proper place for such judicial consideration is in the Fifth Circuit by filing a petition for review of the Board's decision. Max-George at 199.

5

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on counsel at the following address,  by

depositing a copy of it in the United States mail, first class postage prepaid, to:

> Lisa S. Brodyaga, Esquire
> Refugio Del Rio Grande
> 17891 Landrum Park Rd.
> San Benito,  TX  78586

on this the _____13th_____ day of_____March_____, 2001.

Lisa M. Putnam
Special Assistant U.S. Attorney



©McPDF – www.fastio.com

OPTIONAL FORM 155A, (Rev. 6-85)
DEPT. OF STATE

NSN 7540-01-126-7761

50155-203

**IV-42,919,172**

# IMMIGRANT VISA AND ALIEN REGISTRATION

☐ THE IMMIGRANT HAS BEEN PREVIOUSLY IN THE UNITED STATES

| OF: | (Family Name) | (First Name) | (Middle Name) | INS FILE #, IF KNOWN |
|---|---|---|---|---|
| | TORRES CASTILLO, | MARTIN | | |

ACTION BY IMMIGRATION INSPECTOR

**U. S. IMMIGRATION**

401 BRO 62

OCT 25 1991

ADMITTED **FX-1**
(CLASS)

UNTIL _____

THE IMMIGRANT NAMED ABOVE ARRIVED IN THE UNITED STATES VIA (Name of vessel or flight no. of arrival)

INELIGIBILITY FOR VISA WAIVED UNDER SECTION
☐ 212(e)   ☐ 212(h)
☐ 212(g)   ☐ 212(i)

| CITY AND COUNTRY OF BIRTH | MO-DAY-YR OF BIRTH |
|---|---|
| MATAMOROS TAMPS, MEXICO (COUNTRY) | 11MAY1965 |

| CITY AND COUNTRY OF LAST RESIDENCE | NATIONALITY |
|---|---|
| MATAMOROS TAMPS, MEX | MEXICAN |

| MARITAL STATUS | MOTHER'S FIRST NAME | FATHER'S FIRST NAME |
|---|---|---|
| ☒M ☐S ☐W ☐D ☐SEP | CASIMIRA | FELIPE |

| FINAL ADDRESS IN THE UNITED STATES | STREET ADDRESS, INCLUDE—IN CARE OF & APT# IF APPLICABLE | CITY, STATE, AND ZIP CODE, IF AVAILABLE |
|---|---|---|
| | 2509 HARRISON | BROWNSVILLE, TX    78520 |

| SEC. 212(a)(14) LABOR CERTIFICATION | ☒ NOT APPLICABLE | ☐ NOT REQUIRED | ☐ ATTACHED | OCCUPATION | SEX M ☒ |
|---|---|---|---|---|---|
| | | | | PCR CARPENTER | F ☐ |

This visa is issued under Section 221 of the Immigration and Nationality Act, and upon the basis of the facts stated in the application. Possession of a visa does not entitle the bearer to enter the United States if at the time he seeks to enter he is found to be inadmissible. Upon arrival in the United States, it must be surrendered to a United States Immigration Officer.

AMERICAN CONSULATE GENERAL
AT CD JUAREZ, CHIH., MEXICO

Consular Officer of the United States of America

Tariff No. 21
Fee Paid $75
Local Cy. Equiv. _____

**IMMIGRANT CLASSIFICATION**

CLASSIFICATION SYMBOL
FX1

FOREIGN STATE/OTHER AREA LIMITATION
MEXICO (COUNTRY)

IMMIGRANT VISA NO.
CDJ197428533601 42919172

ISSUED ON    (Day)    (Month)    (Year)
24OCT1991

THE VALIDITY OF THIS VISA EXPIRES MIDNIGHT AT THE END OF
(Day)    (Month)    (Year)
20FEB1992

**PASSPORT**

NO.
B BRO 441

OR OTHER TRAVEL DOCUMENTS (Describe)

ISSUED TO

BY

ON

EXPIRES

**IV-42,919,172**

Info given to IRS on date of 1-551
Issuance: Name, Adr, D.O.B, A#,
Class of Adm, Occup & earnings to
Form 9003.

U.S.P.H.S.

| ACTION OF I.J. | ACTION ON APPEAL |
|---|---|
| | |

GOVERNMENT
EXHIBIT
B

Case 1:01-cv-00009   Document 7   Filed in TXSD on 03/14/2001   Page 10 of 23

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS,

THE GRAND JURORS, duly selected, organized, sworn, and impaneled as such for the County of Taylor, State of Texas, at the July Term, 1992, of the 350th District Court for said County upon their oaths present in and to said Court, that on or about the 11th day of July, 1992, and anterior to the presentment of this indictment, in the County and State aforesaid MARTIN CASTILLO TORRES did then and there intentionally and knowingly sexually assault TAMMY THORSON, by causing his male sexual organ to penetrate the female sexual organ of the said TAMMY THORSON, without the said TAMMY THORSON'S consent, and the said MARTIN CASTILLO TORRES compelled the said TAMMY THORSON to submit and participate by the use of physical force and violence,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_Catherine M. Benson_
Foreman of the Grand Jury
Catherine Benson



True and correct
copy of the original
filed in the Taylor
County District Clerks Office

Ø005

## COMMUNITY SUPERVISION JUDGMENT-PLEA OF GUILTY/NOLO CONTENDERE
## DEFERRED ADJUDICATION COMMUNITY SUPERVISION

### CAUSE NO. 2680-D

### STATE OF TEXAS VS. MARTIN CASTILLO TORRES

### 350TH DISTRICT COURT OF TAYLOR COUNTY, TEXAS

OFFENSE: **SEXUAL ASSAULT**
TERM: JANUARY 1995
DATE: MAY 26, 1995

ON THIS DAY THE ABOVE CAUSE CALLED FOR TRIAL AND CAME HONORABLE ASSISTANT CRIMINAL DISTRICT ATTORNEY JOE LEE ROSE, REPRESENTING THE STATE AND ALSO THE DEFENDANT, MARTIN CASTILLO TORRES BOTH IN PERSON AND BY ATTORNEY, SAM MOORE ALL ANNOUNCED READY FOR TRIAL BEFORE THE COURT WITHOUT A JURY. THE DEFENDANT ENTERED HIS PLEA OF NOLO CONTENDERE THERETO, AND HAVING IN PERSON AND THROUGH HIS SAID ATTORNEY WAIVED THE INTERVENTION OF A JURY, COUNSEL REPRESENTING THE STATE HAVING AGREED TO SAID WAIVER OF A JURY, AND THE COURT HAVING AGREED TO SAME, AND IT APPEARING TO THE COURT THAT THE DEFENDANT IS SANE AND NOT INFLUENCED BY ANY CONSIDERATION OF FEAR OR BY ANY PERSUASION OR DELUSIVE HOPE OF PARDON PROMPTING HIM TO CONFESS HIS GUILT, AND THE COURT HAVING ADMONISHED THE DEFENDANT AS TO THE CONSEQUENCES OF SUCH PLEA, THE DEFENDANT PERSISTED IN ENTERING HIS SAID PLEA OF NOLO CONTENDERE.

THE COURT, AFTER HAVING HEARD THE EVIDENCE AND ARGUMENT OF COUNSEL, IS OF THE OPINION AND FINDS THAT THE EVIDENCE SUBSTANTIATES THE DEFENDANT'S PLEA OF GUILTY TO THE OFFENSE OF **SEXUAL ASSAULT** AS CHARGED IN THE INDICTMENT, AND THE DEFENDANT COMMITTED THE SAID OFFENSE ON **JULY 11, 1992.** HOWEVER, THE COURT IS OF THE OPINION AND FINDS THAT AN ADJUDICATION OF GUILT SHOULD BE DEFERRED AND THE DEFENDANT BE PLACED ON COMMUNITY SUPERVISION.

IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED, AND DECREED BY THE COURT THAT THE ADJUDICATION OF GUILT BE DEFERRED PURSUANT TO THE PROVISIONS OF THE CODE OF CRIMINAL PROCEDURE ARTICLE 42.12 AND THE DEFENDANT IS PLACED ON COMMUNITY SUPERVISION FOR A TIME OF EIGHT (8) YEARS AND ASSESSED A FINE OF $-0-. THE STATE OF TEXAS DO HAVE AND RECOVER OF THE SAID DEFENDANT ALL COSTS IN THIS PROSECUTION EXPENDED, FOR WHICH LET EXECUTION ISSUE.

IT IS THEREFORE ORDERED BY THE COURT THAT THE SAID **MARTIN CASTILLE TORRES** IS HEREBY PLACED ON COMMUNITY SUPERVISION FOR A PERIOD OF **EIGHT (8) YEARS,** IN ACCORDANCE WITH THE ADULT COMMUNITY SUPERVISION AND PAROLE LAWS OF THE STATE OF TEXAS, UPON THE FOLLOWING TERMS AND CONDITIONS OF COMMUNITY SUPERVISION:

(A) COMMIT NO OFFENSE AGAINST THE LAWS OF THIS OR ANY OTHER STATE, OR THE UNITED STATES;

(B) AVOID INJURIOUS OR VICIOUS HABITS OF ANY NATURE WHATSOEVER

True and correct copy of original filed in the Taylor County District Clerks Office

⊘006

INCLUDING BUT NOT LIMITED TO, THE USE OF ALCOHOL, NARCOTICS, CONTROLLED SUBSTANCES, HARMFUL DRUGS, GLUE OR PAINT SNIFFING, OR ANY CHEMICAL COMPOUND WHICH MIGHT CAUSE INTOXICATION;

(C) AVOID PERSONS OR PLACES OF DISREPUTABLE AND HARMFUL CHARACTER. STAY OUT OF **BARS, LOUNGES, DANCE HALLS, HONKY-TONKS, BEER JOINTS, POOL HALLS, TAVERNS AND LIQUOR STORES,** AND DO NOT ASSOCIATE WITH PERSONS OF **QUESTIONABLE CHARACTER,** PERSONS WITH **CRIMINAL RECORDS OR INMATES IN PENAL INSTITUTIONS;**

(D) REPORT TO THE COMMUNITY CORRECTIONS AND SUPERVISION DEPARTMENT OFFICER OF TAYLOR COUNTY, TEXAS ON THE **SECOND MONDAY OF** EACH MONTH BETWEEN THE HOURS OF 8:30 A.M. AND 4:30 P.M. AT THE COMMUNITY CORRECTION AND SUPERVISION DEPARTMENT, 2ND FLOOR, OLD TAYLOR COUNTY COURTHOUSE, ABILENE, TEXAS BEGINNING THIS DATE  AND OBEY ALL RULES AND REGULATIONS OF THE COMMUNITY CORRECTIONS AND SUPERVISION DEPARTMENT;

(E) PERMIT THE COMMUNITY SUPERVISION OFFICER TO VISIT HIM AT HIS HOME OR ELSEWHERE;

(F) WORK FAITHFULLY AT SUITABLE EMPLOYMENT AS FAR AS POSSIBLE AND SUPPORT HIS DEPENDENTS;

(G) REMAIN WITHIN A SPECIFIED PLACE, TO-WIT: TAYLOR, CALLAHAN, JONES AND SHACKELFORD COUNTIES OF THE STATE OF TEXAS.  HE WILL NOT LEAVE THE CONFINES OF SAID COUNTIES WITHOUT WRITTEN CONSENT OF THE COMMUNITY CORRECTIONS AND SUPERVISION DEPARTMENT AND NOT MOVE HIS RESIDENCE FROM TAYLOR OR CALLAHAN COUNTIES WITHOUT THE WRITTEN CONSENT OF THIS COURT;

(H) HE WILL AT ALL TIMES KEEP HIS COMMUNITY SUPERVISION OFFICER ADVISED OF THE CORRECT ADDRESS OF **HIS RESIDENCE AND PLACE OF EMPLOYMENT** AND NOTIFY HIS COMMUNITY SUPERVISION OFFICER WITHIN 48 HOURS OF ANY CHANGE OF EITHER;

(I) HE MAY NOT POSSESS, USE, SELL, OR HAVE UNDER HIS CONTROL ANY NARCOTIC DRUGS, CONTROLLED SUBSTANCES, DEADLY WEAPONS OR ANY TYPE OF FIREARMS;

(J) HE WILL PAY HIS HONEST AND JUST DEBTS AND **NOT OVER-EXTEND** HIS CREDIT TO A POINT WHICH MAY CAUSE HIM UNDUE HARDSHIP;

(K) HE WILL BE HOME EACH NIGHT NOT LATER THAN 12:00 MID-NIGHT AND REMAIN THERE UNLESS HIS WORK REQUIRES HIM TO BE OUT LATER;

(L) REPORT AS DIRECTED TO THE HUMAN RELATIONS CENTER, SUBSTANCE ABUSE SERVICES, 190 WOODLAWN, ABILENE, TEXAS 79603, FOR SCREENING, EVALUATION, AND APPROPRIATE TREATMENT FOR THE ENTIRE PERIOD OF COMMUNITY SUPERVISION OR UNTIL OTHERWISE DIRECTED BY THE COURT, BEGINNING THE FIRST WEEK OF COMMUNITY SUPERVISION, SUBMIT TO URINALYSIS AS DIRECTED BY THE HRC COUNSELOR OR THE COMMUNITY SUPERVISION OFFICER;

(M) PAY **RESTITUTION** IN THE AMOUNT OF $TO BE DETERMINED **BUT NOT TO EXCEED $550.00** AT THE RATE OF  $TO BE DETERMINED ON/OR BEFORE THE REPORT DATE OF EACH MONTH UNTIL PAID IN FULL, PLUS A **FINE** OF $-0- AT A RATE OF $-0- ON/OR BEFORE THE REPORT DATE OF EACH MONTH, PLUS A **COMMUNITY SUPERVISION FEE** OF **$30.00** DUE ON/OR BEFORE THE REPORT DATE OF EACH MONTH, PLUS **COURT COSTS** OF **$129.50** DUE ON/OR BEFORE **AUGUST 26, 1993;**

(N) PAY A FEE OF **$10.00** FOR **ABILENE CRIMESTOPPERS, INC.,** PAYABLE AT **$5.00** PER MONTH FOR TWO (2) MONTHS.

(O) DEFENDANT IS TO MAKE ALL PAYMENTS ORDERED HEREIN PAYABLE TO TAYLOR COUNTY COMMUNITY CORRECTIONS AND SUPERVISION DEPARTMENT, OLD

True and correct copy of original filed in the Taylor County District Clerks Office

TAYLOR COUNTY COURTHOUSE, 301 OAK STREET, ABILENE, TEXAS 79602.
(P)DEFENDANT IS TO COMPLETE -0- HOURS OF COMMUNITY SERVICE WORK, AT THE DIRECTION OF THE SUPERVISION OFFICER, WITHIN 12 MONTHS.

_____
JESS HOLLOWAY, JUDGE
350TH DISTRICT COURT
TAYLOR COUNTY, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
I HAVE READ, OR HAVE HAD READ TO ME, THE FOREGOING CONDITIONS OF MY COMMUNITY SUPERVISION, I FULLY UNDERSTAND THEM AND I WILL STRICTLY FOLLOW THEM. I UNDERSTAND THAT A VIOLATION OF ANY OF THE ABOVE CONDITIONS WILL BE SUFFICIENT GROUNDS FOR THE REVOCATION OF MY COMMUNITY SUPERVISION.

I HEREBY ACKNOWLEDGE THAT I HAVE RECEIVED A CERTIFIED COPY OF THESE RULES FROM THE DISTRICT CLERK OF TAYLOR COUNTY, TEXAS ON THIS 26TH DAY OF MAY, 1995;

_____        _____
WITNESS                                SIGNATURE OF PROBATION
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
THE STATE OF TEXAS
COUNTY OF TAYLOR
I, JOANN LACKEY, CLERK OF THE DISTRICT COURT IN AND FOR THE SAID COUNTY OF TAYLOR AND STATE AFORESAID, DO HEREBY CERTIFY THAT THE WITHIN AND FOREGOING IS A TRUE COPY OF THE ORIGINAL COMMUNITY SUPERVISION JUDGMENT IN THE WITHIN ENTITLED CAUSE, AS APPEARS OF RECORD IN THE MINUTES OF SAID COURT IN VOL. 60 AND PAGE 67.
WITNESS MY HAND AND THE SEAL OF SAID COURT, AT OFFICE IN ABILENE, TEXAS ON THIS 26TH DAY OF MAY, 1995.
JOANN LACKEY, DISTRICT CLERK
350TH DISTRICT COURT

BY_____DEPUTY CLERK

STATE OF TEXAS
COUNTY OF TAYLOR
CERTIFIED TO BE A TRUE AND CORRECT COPY
of the Original In My Custody Vol.____Page____
Given Under My Hand and Seal of Office
dated March 12 A.D. 19 97
_ _ Lackey
Clerk of Taylor County, Texas
_____



U.S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

In removal proceedings under section 240 of the Immigration and Nationality Act

                                                    File No:  A42 919 172

In the Matter of:

Respondent:  TORRES-Castillo, Martin                              currently residing at:
Port Isabel Service Processing Center, Rt 3 Box 341, Los Fresnos, Texas 78566          **(210) 233-4431**
                (Number, street, city, state and ZIP code)                                  (Area code and phone number)

☐ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☒ 3. You have been admitted to the United Sates, but are deportable for the reasons stated below.

4-27-98

The Service alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of _Mexico_ and a citizen of _Mexico_;
3. You were admitted to the United States at _Brownsville, Texas_ on or about _October 25, 1991_ as an Immigrant;
4. You were on May 26, 1995, convicted in the 350th District Court of Taylor County, Texas for the offense of SEXUAL ASSAULT, in violation of a Texas statute;
5. For that offense, a sentence of one year or longer may be imposed.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision (s) of law:

**"SEE ATTACHMENT PAGE FOR CHARGES"**

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to:  ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: _____
            Executive Office for Immigration Review, 201 East Jackson, Harlingen, Texas 78550
                          (Complete Address of Immigration Court, including Room Number, if any)
on      **TO BE SET**       at  **TO BE SET**  to show why you should not be removed from the United States based on the
            (Date)                (Time)
charge(s) set forth above.

                                Alfonso R. DeLeon  by BAP  DDD
                                      (Signature and Title of Issuing Officer)

Date:  August 06, 1997                 Harlingen, Texas
                                            (City and State)

**See reverse for important information**

                                            Form I-862 (Rev. 4-1-97)



# Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so chose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at not cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have the right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If
you do not submit Form EOIR-33 and do not otherwise provide and address at which you may be reached during proceedings then the Government shall not be required to prov de you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

Before: _____
(Signature and Title of INS Officer)

_____ (Signature of Respondent)

Date: 08/06/97

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on 08/06/97, in the following manner and in compliance with section 239(a)(1)(F) of the Act:
(date)

☒ in person ☐ by certified mail, return receipt requested ☐ by regular mail

☒ Attached is a list of organizations and attorneys which provide free legal services

☒ The alien was provided oral notice in the **SPANISH** language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
(Signature of Respondent if Personally Served)

_____ Special Agent
(Signature and Title of Officer)

Form I-862(Rev 4-1-97)

Case 1:01-cv-00009   Document 7   Filed in TXSD on 03/14/2001   Page 17 of 23

U.S. Department of Justice
Immigration and Naturalization Servi

Continuation Page for Form:      I-862

| Alien's Name TORRES-Castillo, Martin | File Number A42 919 172 | Date August 06, 1997 |
|---|---|---|

## CONTINUATION OF CHARGES

*4-27-98*

*Denied > Ford By Ct.*

Section 237(a)(2)(A)(i) of the Immigration and Nationality Act (Act), as amended, in that you have been convicted of a crime involving moral turpitude committed within five years after admission for which a sentence of one year or longer may be imposed. *Denied > Ford By Ct 4-27-98*

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43)(A) of the Act, to wit: Sexual Assault.

| Signature  Alfonso R. De Leon by ℓℳ  Alfonso R. De Leon | Title Deputy District Director |
|---|---|

Form I-831 Continuation Page (Rev. 6/12/92)

Page 3 of 3 Page(s)



CVISPDF – www.fastio.com

U. S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
201 E. JACKSON STREET
HARLINGEN, TEXAS  78550

In The Matter Of:                    CASE NO. A 42 919 122

TORRES-CASTILLO, MARTIN Docket:   HARLINGEN, TEXAS

RESPONDENT                           IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

Upon the basis of respondent's admissions, I have determined that
the respondent is subject to removal on the charge(s) in the Notice
to Appear.

Respondent has made no application for relief from removal

It is HEREBY ORDERED that the respondent be removed from the United
States to ___MEXICO___ on the charge(s) contained in the
Notice to Appear.

If you fail to appear for removal at the time and place ordered by
the INS, other than because of exceptional circumstances beyond
your control (such as serious illness of the alien or death of an
immediate relative of the alien, but not including less compelling
circumstances), you will not be eligible for the following forms of
relief for a period of ten (10) years after the date you were
required to appear for removal:

    (1)  Voluntary departure as provided for in section 240B of
         the Immigration and Nationality Act:
    (2)  Cancellation of removal as provided for in section 240A
         of the Immigration and Nationality Act; and
    (3)  Adjustment of status or change of status as provided for
         in section 245, 248 or 249 of the Immigration and
         Nationality Act.

_____
DAVID AYALA
Immigration Judge
Date: July 29, 1998

Appeal:  RESERVED/WAIVED (A/I/B)
Appeal:  Due By:

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL(M)   PERSONAL SERVICE(P)
TO:[P]ALIEN [ ]ALIEN C/O CUSTODIAL OFFICER [ ]ALIEN'S ATT/REP [P]INS
DATE: 7-29-98            BY: COURT STAFF _____
Attachments: [ ]EOIR-33 [ ]EOIR-28 [ ]Legal Services List [ ]Other
0019g
E-7(4T)RNV

OR 703-305-1662.
Alien Number:  42-919-172                    Alien Name:  TORRES-CASTILLO, MARTIN

### LIMITATIONS ON DISCRETIONARY RELIEF FOR FAILURE TO APPEAR

(  ) 1.  You have been scheduled for a removal hearing, at the time and place
         set forth on the attached sheet.  Failure to appear for this hearing
         other than because of exceptional circumstances beyond your control**
         will result in your being found ineligible for certain forms of
         relief under the Immigration and Nationality Act (see Section A.
         below) for a period of ten (10) years after the date of entry of the
         final order of removal.

(  ) 2.  You have been scheduled for an asylum hearing, at the time and place
         set forth on the attached notice.  Failure to appear for this hearing
         other than because of exceptional circumstances beyond your control**
         will result in your being found ineligible for certain forms of relief
         under the Immigration and Nationality Act (see Section A. Below) for a
         period of ten (10) years from the date of your scheduled hearing.

(  ) 3.  You have been granted voluntary departure from the United States
         pursuant to section 240B of the Immigration and Nationality Act, and
         remaining in the United States beyond the authorized date other than
         because of exceptional circumstances beyond your control** will result
         in your being ineligible for certain forms of relief under the
         Immigration and Nationality Act (see Section A. Below) for ten (10)
         years from the date of the scheduled departure or the date of unlawful
         reentry, respectively.  Your voluntary departure bond, if any, will
         also be breached   Additionally, if you fail to voluntarily depart the
         United States within the time period specified, you shall be subject
         to a civil penalty of not less than $1000 and not more than $5000.

(X) 4.   An order or removal has been entered against you   If you fail to
         appear pursuant to a final order of removal at the time and place
         ordered by the IM, other than because of exceptional circumstances
         beyond your control** you will not be eligible for certain forms of
         relief under the Immigration and Nationality Act (see Section A.
         below) for ten (10) years after the date you are scheduled to appear.


         **the term "exceptional circumstances" refers to circumstances such
         as serious illness of the alien or death of an immediate relative
         of the alien, but not including less compelling circumstances.

A.  THE FORMS OF RELIEF FROM REMOVAL FOR WHICH YOU WILL BECOME INELIGIBLE ARE:
     1)    Voluntary departure as provided for in section 240B of the
           Immigration and Nationality Act;
     2)    Cancellation of removal as provided for in section 240A of the
           Immigration and Nationality Act; and
     3)    Adjustment of status or change of status as provided for in Section
           245, 248 or 249 of the Immigration and Nationality Act.

     This written notice was provided to the alien in English   Oral notice of
the contents of this notice must be given to the alien in his/her native
language, or in a language he/she understands by the Immigration Judge.
Date:  Jul 29, 1998  /
Immigration Judge: _____ or Court Clerk: _____

                         CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)      PERSONAL SERVICE (P)
TO:  [P] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [P] INS
DATE:  7-29-98    BY:  COURT STAFF _____
     Attachments:  [✓] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other
                                                                      V6



**U.S. Department of Justice**
Executive Office for Immigration Review

**Decision of the Board of Immigration Appeals**

Falls Church, Virginia 22041

===========================================================

File:   A42-919-172 - Harlingen                                    Date:

In re: TORRES-CASTILLO, MARTIN

IN REMOVAL PROCEEDINGS                                    SEP 2 9 2000

APPEAL

ON BEHALF OF RESPONDENT:  Garcia, Thelma O.

ON BEHALF OF SERVICE:  Thomas M. Bernstein


ORDER:

    PER CURIAM.  The Board affirms, without opinion, the results of the decision below.  The decision below is, therefore, the final agency determination.  *See* 8 C.F.R. § 3.1(a)(7).


_____
FOR THE BOARD

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-60738

MARTIN TORRES-CASTILLO

  Petitioner

v.

JANET RENO, U S Attorney General

  Respondent

U.S. COURT OF APPEALS

**FILED**

DEC 21 2000

CHARLES R. FULBRUGE III
CLERK

----------------------
Petition for Review of an Order of the
Board of Immigration Appeals
----------------------

Before HIGGINBOTHAM, WIENER, and BARKSDALE,  Circuit Judges.

BY THE COURT:

    IT IS ORDERED that respondent's motion to dismiss petition for review for lack of jurisdiction is GRANTED.

    IT IS FURTHER ORDERED that respondent's alternative motion for an extension of 30 days after disposition of motion to dismiss petition in which to file the administrative record is DENIED as moot.

A true copy
Test

Clerk, U. S. Court of Appeals, Fifth Circuit

By LaTonya Glast

Deputy DEC 21 2000

New Orleans, Louisiana