*16*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 14 2001

Michael N. Milby, Clerk of Court

| | |
|---|---|
| MARTIN TORRES-CASTILLO, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. B-01-009 |
| ) | |
| E.M. TROMINSKI, INS ) | |
| DISTRICT DIRECTOR, et al. ) | |
| Respondents. ) | |
| _____ ) | |

**RESPONDENTS' REPLY TO PETITIONER'S
POINTS AND AUTHORITIES IN SUPPORT OF HIS
WRIT FOR HABEAS CORPUS**

COME NOW, Respondents, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and hereby files this reply to the Petitioner's recent filings in this matter.

### JURISDICTION

The Respondents continue to assert that this Court lacks jurisdiction in spite of the recent Supreme Court decision in *INS v. St. Cyr*, 121 S.Ct. 2271 (2001) holding that habeas corpus jurisdiction does lie in district court under §2241 in certain cases. The law of this circuit already established that habeas corpus in not available where the court of appeals could have heard the issue presented by the petitioner. *See Santos v. INS*, 228 F.3d 591, 596 (5th Cir. 2000); *Rivera-Sanchez*

1

*v. INS*, 198 F.3d 545-547-48 (5th Cir. 2000); *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 302 (5th Cir. 1999). The Supreme Court's holding in *St. Cyr* did not disturb this position. In *Santos*, a transitional rule case, the Fifth Circuit Court of Appeals ("Fifth Circuit") dismissed his petition for review for lack of jurisdiction. "In doing so, we necessarily considered the three prerequisites for review preclusion under IIRIRA §309(c)(4)(G): (i) Santos was an alien; (ii) he was deportable; (iii) he committed a crime covered in INA §241(a)(2)(A)(iii) [aggravated felony]." *Santos* at 597. In the instant case, the Petitioner's petition for review was dismissed for lack of jurisdiction after an evaluation of the same three criteria. See 8 U.S.C. §1252(a)(2)(C) ("Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an **alien** who is **removable** by reason of having committed a criminal offense covered in section ... **237(a)(2)(A)(iii) [aggravated felony]** ... ." (emphasis added)). The Petitioner has not raised any "pure" questions of law that could not have been reviewed by the Fifth Circuit and the holding *in St. Cyr* does not preclude the Fifth Circuit from interpreting 8 U.S.C. §1252 as providing exclusive review in the court of appeals over the issues raised by the Petitioner.

This position is further bolstered by a Supreme Court decision just two month prior to *St. Cyr* in which the Court held that a petitioner challenging two prior state convictions being used for federal sentencing purposes could not use habeas corpus to challenge those prior state convictions. *Daniels v. US*, 121 S.Ct. 1578 (2001). The Court, in support of its decision, explained that there are limitations to habeas corpus:

> Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction. He may raise constitutional claims on direct appeal, in postconviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (1994 ed. and Supp. V). See

2

> generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 5.1a(3d ed. 1998). <u>These vehicles for review, however, are not available indefinitely and without limitation. Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim.</u> See, e.g., United States v. Olano, 507 U.S. 725, 731, 113 S. Ct. 1770, 123 L.Ed.2d 508 (1993) ("'<u>No procedural principle is more familiar to this Court than that a constitutional right . . . may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it</u>'" (quoting Yakus v. United States, 321 U.S. 414, 444, 64 S. Ct. 660, 8 L.Ed. 834 (1994))). One of the principles vindicated by these limitations is a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." [Parke v. Raley, 506 U.S. 20, 29 (1992)].

Id. at 1583 (emphasis added). The Court went on to conclude that the petitioner, by failing to take advantage of direct review of his prior convictions, forfeited his constitutional claims regarding those prior convictions. Id. at 1584.

The Petitioner was afforded an opportunity to present the issues he raises here when he filed his petition for review with the Fifth Circuit Court of Appeals. The Fifth Circuit, in dismissing his case for lack of jurisdiction, effectively decided the issues now raised by the Petitioner in this habeas corpus proceeding. Because the Fifth Circuit has exclusive jurisdiction over cases like this one, and the Fifth Circuit already decided the issues presented in the instant petition, this Court lacks jurisdiction to entertain his habeas corpus petition.

## RESPONSE TO ISSUES PRESENTED

A. The Heightened Clarity Requirement of *St. Cyr*, Does Not Create Sufficient Ambiguity in §322(c) of IIRIRA to Trigger the *Landgraf* Retroactivity Analysis, Which, in Turn, Precludes Application of the New Definition of "Conviction" Herein, Insofar as it Would Have Genuine Retroactive Effect.

The Petitioner opines that the heightened clarity standard used in *St. Cyr* now affects this Court's analysis of the definition of "conviction" to such a degree that it triggers the retroactivity analysis in *Landgraf v. USI Films*, 511 U.S. 244 (1994) and would render that statute vague. This is not the case. The Fifth Circuit found unequivocally that the application of the definition of "conviction" shall apply to convictions and sentences entered before, on or after the date of enactment of IIRIRA. *Moosa v. INS*, 171 F.3d 994 (5th Cir. 1999). "The plain language of §322(c) leaves no doubt that Congress intended for the definition of §322(a) to be applied retroactively. Congress could not have more clearly expressed this intent than through its statement that §322(a) was to apply to convictions entered *before* the date of IIRIRA's enactment." *Id.* at 1007.

Further, the Supreme Court, in finding that Congressional intent of §309(c)(1) of IIRIRA, was unclear, specifically cited §322(c) as an example of the unambiguous intent of Congress. "See also IIRIRA ... §322(c) ('The amendments made by subsection (a) shall apply to convictions and sentences entered before, on, or after the dated of the enactment of this Act') ... ." *St. Cyr* at 2290, n. 43.

4

Therefore, it is clear that the Congressional intent of §322(c) was for the definition of "conviction" to apply to all convictions, even those convictions that occurred before the enactment of IIRIRA. The recent holding in *St. Cyr* does not trigger a retroactivity analysis outlined in *Landgraf*, but instead supports the position that the Petitioner has been convicted for immigration purposes. The Petitioner has been convicted of a crime for which he can be removed from the United States.

> B. It Does not Violate Due Process to Apply the New Definition of "Conviction" And Congress is Not Required to Articulate a "Rational Legislative Purpose" to Such Application.

Congress is not required to articulate a "rational legislative purpose" for the application of a new statute. "[A] legislature that creates these categories need not 'actually articulate at any time the purpose or rationale supporting its classification." *Heller v. Doe*, 509 U.S. 312, 320 (1993), *citing Nordlinger v. Hahn*, 505 U.S. 1, 15 (1992). Congress does not have to offer a reason for enacting legislation that may apply retroactively; its actions can be supported by any conceivable reason. See *Heller* at 319-321.

In this case, the creation of a definition for "conviction" and its application to criminal convictions which pre-date the enactment of said legislation has a clear purpose - to remove criminal and dangerous persons from the United States. Congress need not articulate a reason for enacting legislation that applies retroactively. Since the purpose for the creation of the definition of conviction is clear - the removable of undesirable persons from the United States, the petitioner being one of those persons - Congress' actions are supported by a conceivable reason and need not be articulated.

### C. Section 322(c) Is Not Void for Vagueness.

The Petitioner argues that §322(c) is vague and should be deemed void. That is simply not true. The statute clearly puts an alien on notice of which convictions will be subject to the definition. Whether the conviction was the result of a plea bargain or a trial, a conviction is unmistakably defined by §322(a) and §322(c) undoubtedly states which convictions are affected by the change. There is nothing vague about either statute.

### D. The Petitioner Should Not Be Afforded the Opportunity to Apply For Relief Pursuant to §212(c) Based On The Holding in *St. Cyr*.

The Petitioner is not eligible for relief pursuant to §212(c) of the Act in that he does not meet the requirements set forth in *St. Cyr*. In order to be eligible, the Petitioner must be a lawful permanent resident, must have been in removal proceedings based on a conviction that pre-dates the enactment of AEDPA (April 24, 1996) and have been a eligible for §212(c) relief at the time he entered into his plea agreement. "We therefore hold that §212(c) relief remains available for aliens, like respondent, whose convictions were obtained through plea agreements and who, notwithstanding those convictions, **would have been eligible for §212(c) relief at the time of their plea** under the law then in effect." *St. Cyr* at 2293. To be eligible for §212(c) relief, an alien must have be a lawful permanent resident for seven years. At the time the Petitioner entered into his plea agreement, May 26, 1995, he had only been a lawful permanent resident for approximately four years and seven months, having become a lawful permanent resident on October 25, 1991. At the time Petitioner entered into his plea agreement he was not eligible for relief pursuant to §212(c) of the Act. It is unreasonable to believe that he had any reliance on the availability of that relief when he entered into his plea agreement for the criminal conviction for sexual assault.

6

The Petitioner has provided this Court with an unpublished decision of a single panel of the Board of Immigration Appeals finding an alien eligible for §212(c) relief pursuant to *St. Cyr* even though the alien did not have the requisite seven years of lawful permanent residence at the time he entered his plea. *See* Petitioner's Exhibit "F" to this Petition for Writ of Habeas Corpus. This decision does not have any precedential value nor is it even persuasive. The language of *St. Cyr* is clear that the alien must have meet the requirements of §212(c) relief at the time the plea is entered in order for the holding of the case to apply. The Petitioner does not meet that requirement and this Court should not be persuaded by a decision of one three-person panel in an unpublished decision.

   E. Any Flaws In The Decision of the Immigration Judge Are Harmless Error Once the Board Of Immigration Appeals Renders Its Decision.

The Petitioner feels that the immigration judge and the Board failed to effectively articulate why the Petitioner was removable and ineligible for relief. First, the Board is authorized by regulation designate a Board Member to review cases and to issue affirmations without opinion after certain criteria are met. The Board Member must determine that the decision of the immigration judge was correct, that any errors are harmless or nonmaterial and that "(A) the issue on appeal is squarely controlled by existing Board or federal court precedent and does not involve the application of precedent to a novel fact situation; or (B) the factual and legal questions raised on appeal are so insubstantial that three-Member review is not warranted." 8 C.F.R. §3.1(a)(7).

The order of an immigration judge is subject to appeal to the Board who makes a *de novo* review of the record. Consequently, the order of an immigration judge is not final when a timely appeal is taken. Once the Board has reviewed the case and entered a separate decision, the alleged

7

errors of the immigration judge are harmless errors. *See generally, Castillo-Rodriguez v. INS*, 929 F.2d 181, 183 (5th Cir. 1991), *citing Rodriquez-Rivera v. INS*, 848 F.2d 998 (9th Cir. 1988).

The Board decision, albeit short, meets the requirements of the regulation and, therefore, is not so flawed as to not alert the Petitioner of the reason for the affirmation of the decision of the immigration judge. The Board's affirmation conformed to regulation and, therefore, the case should not be remanded to the Board for a more detailed finding. Because the Board reviewed the decision of the immigration judge, a remand to the Board to remand to the immigration judge is improper. Further, a remand to the Board for a more detailed decision is unnecessary since the Board complied with regulations.

## CONCLUSION

Based on the foregoing, the Respondents move that this case be dismissed.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney/Attorney in Charge
Georgia Bar No. 590315/Federal Bar No. 23937
P.O. Box 1711
Harlingen, Texas 78551
Date: December 14, 2001        Tel: (956) 389-7051/Fax: (956) 389-7057

8

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was hand-served on counsel.

    Lisa S. Brodyaga, Esquire
    Refugio Del Rio Grande
    17891 Landrum Park Rd.
    San Benito, TX 78586

on this the __14th__ day of ____December____, 2001.

                                              _/s/ Lisa M. Putnam_
                                              Lisa M. Putnam
                                              Special Assistant U.S. Attorney