UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARTIN TORRES-CASTILLO ) | |
| ) | |
| v.              ) | CA B-01-009 |
| ) | |
| E.M. TROMINSKI, et al ) | |
| _____) | |

## PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION TO STRIKE PETITIONER'S SECOND SUPPLEMENTAL BRIEF ON THE CONSTITUTIONAL ISSUES RAISED HEREIN, AND, MOTION FOR LEAVE TO FILE PETITIONER'S CONSOLIDATED POINTS AND AUTHORITIES ON THE CONSTITUTIONAL ISSUES RAISED HEREIN

Petitioner, through the undersigned, respectfully opposes Respondents' Motion to Strike his Second Supplemental Brief, further examining the constitutional issues raised herein. Further, Petitioner respectfully requests leave to file the accompanying Consolidated Points and Authorities on the Constitutional Issues Raised Herein, in which he attempts to clarify and consolidate the constitutional arguments he has raised. In connection therewith, and in order that the novel issues involved herein be fully developed and joined, Petitioner does not oppose Respondents' request for a period of thirty days to file a reply, and seeks fifteen days thereafter in which to respond.

### I.  OPPOSITION TO MOTION TO STRIKE

In their Motion to Strike, (hereinafter cited as (INS:___), Respondents make no claim that they have been prejudiced by the timing of Petitioner's Second Supplemental Brief. Rather, they make an alternative request for leave to respond to same, which request Petitioner does not oppose.

In seeking to strike said pleading, Respondents correctly note, (INS:2), that Petitioner neither sought leave to file said document, nor specified that said pleading derived from cases

decided after the hearing conducted herein.[1]

However, the Federal Rules of Civil Procedure do not establish the types of limitations on pleadings which Respondents would impose herein. And, for from disapproving of the development and refining of arguments while cases are pending before a United States Magistrate Judge, the Fifth Circuit has held that claims raised even in a party's **objections** to the report and recommendation of a U.S. Magistrate Judge are timely. However, the Court did note that failure to raise such arguments before the Magistrate Judge **could** result in a waiver. *Requena-Rodriguez v. Pasquarrel*, 190 F.3d 299,306 (5th Cir. 1999) (footnote in original):

> The government argues that Requena forfeited his retroactivity argument by failing to plead it in his habeas petition or to raise it prior to his objections to the magistrate judge's recommendation. Under the circumstances, however, this court will consider Requena's argument. Though belated and undeveloped, Requena's claim that applying AEDPA § 440(d) to his case would be illegally retroactive was raised in the district court, cf. New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 n. 4 (5th Cir.1996) (argument not forfeited when presented in a motion to vacate judgment that could have been more specific), and the district court declared that it considered Requena's objections before denying his habeas petition. [FN27] Requena's retroactivity argument is purely legal in nature, and our inquiry will be little prejudiced by the district court's failure to discuss it. Nor will the government be prejudiced; it has fully briefed this issue and wins on it.

---

[1] In fact, the application of "Substantive Due Process" in immigration cases is an emerging field, and, in the pleading Respondents seek to strike, Petitioner cited *Patel v. Zemski*, __ F.3d __ (3rd Cir. 2001), 2001 WL 1636227, (applying said analysis to mandatory detention of LPRs convicted of certain offenses). Since then, an additional Circuit Court case has been decided, applying the same analysis, and reaching the same conclusion, to wit, *Kim v. Ziglar*, __ F.3d __, (9th Cir. 2002), 2002 WL 21987.

2

> FN27. Our decision to consider Requena's arguments does not detract from a district court's power to decide that legal arguments not raised before a magistrate judge are waived. See Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir.1988) (a "party is not entitled as of right to de novo review by the [district] judge of an argument never seasonably raised before the magistrate" (emphasis added)), cited in Cupit v. Whitley, 28 F.3d 532, 534 n. 5 (5th Cir.1994).

The late-presented argument in *Requena-Rodriguez* did not involve a novel theory of law. To the contrary, the retroactivity issue presented therein was being litigated around the country, and, for the most part, had been resolved in favor of the immigrant. *See, e.g., Shah v. Reno*, 184 F.3d at 719 (8th Cir. 1999); *Mayers v. INS*, 175 F.3d 1289 (11th Cir. 1999); *Sandoval v. Reno*, 166 F.3d 225 (3rd Cir. 1999); *Henderson v. INS,* 157 F.3d 106 (2nd Cir. 1998); and *Goncalves v. Reno*, 144 F.3d 110 (1st Cir. 1998).

By contrast, Petitioner herein is raising a novel theory: one which, while supported by emergent caselaw in the areas of indefinite detention under 8 U.S.C. §1231(a)(6) (*Zadvydas v. Davis*, 121 S.Ct. 2491 (2001)), and mandatory detention under 8 U.S.C. §1226(c) (*Kim v. Ziglar, supra,* and *Patel v. Zemski, supra*), is of first impression in the context raised herein.

Therefore, it should not be surprising that the theory did not spring full-blown, like Athena, from the mind of Zeus. To the contrary, the development process has been slow, and laborious. In its most recent, and most fully developed form, it is presented herewith, as Petitioner's Consolidated Points and Authorities On The Constitutional Issues Raised Herein, presented herewith.

**II. MOTION FOR LEAVE TO FILE PETITIONER'S CONSOLIDATED POINTS AND AUTHORITIES ON THE CONSTITUTIONAL ISSUES RAISED HEREIN.**

To forestall further controversy, Petitioner therefore seeks leave to file the accompanying pleading, Petitioner's Consolidated Points and Authorities On The Constitutional Issues Raised Herein. Said pleading was prepared for the convenience of the Court, and the parties. It does not present any new constitutional theories, but seeks to refine and consolidate those already presented. Further, Petitioner would welcome a response by INS, so that the issues may be well joined, and as fully developed as possible.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226                    Fed. Id:   1178
(956) 421-3423 (fax)              Texas State Bar:   03052800


CERTIFICATE OF SERVICE

I certify that a copy of the foregoing, and Proposed Order, were mailed, first class postage prepaid, to Lisa Putnam, SAUSA, P.O. Box 1711, Harlingen, Texas 78551, on February 4, 2002.