United States District Court
Southern District of Texas
FILED

MAY 1 6 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARTIN TORRES-CASTILLO,        )
                               )
v.                             )    CA No. B-01-009
                               )
E.M. TROMINSKI, ET AL.         )
_____)

**PETITIONER'S OBJECTIONS TO THE AMENDED REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, through the undersigned, respectfully files the instant objections to the Amended Report and Recommendation of the United States Magistrate Judge.

Again, Petitioner accepts the Magistrate's ultimate recommendation that his petition be "granted." But his objections here are much the same as those to the initial Report and Recommendation. Specifically, the Magistrate Judge did not address the threshold issue of whether the deferred adjudication disposition of the charge of sexual assault could retroactively be converted into a **conviction**, such that he would be subject to deportation in the first place. The conclusion of the Magistrate Judge, that §212(c) relief could not be retroactively repealed in such a case, is only reached only if it is determined that said disposition was, in fact, retroactively converted into a "conviction" by IIRIRA.

There is a great difference between not being deportable, and being eligible for relief. Although the consequences are mitigated by the finding that he is eligible for §212(c) relief, a holding that his deferred adjudication disposition was retroactively converted into a conviction would mean that Mr. Torres has been convicted of an aggravated felony. A number of adverse consequences would flow from such a determination, even it he wins §212(c) relief. For example, he could never demonstrate "good moral character" for any

purpose under the Immigration and Nationality Act. 8 U.S.C. §1101(f)(8). And he could never become a naturalized U.S. citizen. 8 C.F.R. §316.10(b)(1)(ii). These are important consequences.

Therefore, Mr. Torres would repeat his claim that, in order to avoid a "constitutional swamp," this Court should find that, under the "heightened clarity" requirement for retroactive application of a deportation statute, as set forth in *INS v. St. Cyr*, 121 S.Ct. 2271 (2001), Congress did not specify with sufficient clarity that IIRIRA §322(a), including the new definition of "conviction," applied to dispositions which were not "convictions" prior to IIRIRA. The effective date for IIRIRA §322(a) was established by IIRIRA §322(c), which provides as follows:

> Effective Date. - The amendments made by subsection (a) shall apply to convictions and sentences entered before, on, or after the date of the enactment of this Act. ...

In other words, Petitioner urges that the amendments specified therein, including the new definition of "conviction," only apply to dispositions of criminal charges which predated IIRIRA if those dispositions **did** constitute a conviction or sentence at that time. Petitioner's deferred adjudication was not a "conviction" in 1995. *Martinez-Montoya v. INS*, 904 F.2d 1018 (5th Cir. 1990) (holding that Texas deferred adjudication is not a conviction for immigration purposes). Therefore, it was not a "conviction[] ... entered before, on or after" the enactment of IIRIRA. *See*, discussion at pp. 6-10 of the "Points and Authorities In Support of Petition for Habeas Corpus," Docket Entry #14, and pp. 7-13 of the "Points and Authorities in Support of Petitioner's Objections to Report and Recommendation of Magistrate Judge," Docket Entry #24.

This position is not inconsistent with *Moosa v. INS*, 171 F.3d 994 (5th Cir. 1999), finding that IIRIRA §322(a) applied retroactively. The petitioner in *Moosa* "[did] not contest that the plain language

of §322(c) mandates retroactive application," *id* at 497, and therefore, did not show that the interpretation urged herein would *not* "read its retroactivity provision out of the statute." *Id*. [1] Further, the Court utilized the "plain language" standard, rather than the "heightened level of clarity," and thus neither considered the circular aspect of its reasoning, nor examined whether any other interpretation was possible, as is required under *St. Cyr*.

Even more importantly, the Court in *Moosa* left open the question of whether the new definition could be applied retroactively where, as here, the plea agreement was made in reliance on its prior decision in *Martinez-Montoya*. *Moosa, supra*, 171 F.3d at 497:

> Next, Moosa asserts that applying the new definition of "conviction" to him presents retroactivity concerns... He asserts that he agreed to the deferred adjudication plea agreement "with an entirely different understanding of the immigration consequences of his plea". This assertion is not borne out by the facts. When Moosa entered into the plea agreement in January 1990, Martinez-Montoya had not been issued and Matter of M (a 1989 decision) was still the law.

The opposite is the case herein. Mr. Torres arranged his plea bargain after *Martinez-Montoya* had been issued. Therefore, even to the extent that *Moosa* remains good law, it does not apply herein.

This position is also consistent with the fact that the Fifth Circuit previously dismissed Mr. Torres' petition for review. The dismissal occurred on December 21, 2000, prior to *INS v. St. Cyr, supra*, which overruled *Max-George v. Reno*, 205 F.3d 194 (5th Cir.

---

[1] Mr. Torres has made such a showing. *See, e.g.*, Petitioner's Points and Authorities In Support of Petition for Habeas Corpus, Docket Entry #14, at pp. 9-10, and Objections to Report and Recommendation of Magistrate Judge, Docket Entry 24, at pp. 11-12.

2000) (holding that IIRIRA had abrogated habeas review of removal orders). *St. Cyr* also required "unambiguous direction," a higher than just "plain language," before finding that Congress intended a new deportation statute to apply retroactively. *Id.* at 2288:

> The standard for finding such unambiguous direction is a demanding one. "[C]ases where this Court has found truly 'retroactive' effect adequately authorized by statute have involved statutory language that was so clear that it could sustain only one interpretation." *Lindh v. Murphy,* 521 U.S. 320, 328, n. 4 ... (1997).

In conclusion, IIRIRA §322(c) easily sustains the interpretation that the new definition of "conviction" in §322(a) does not apply to Mr. Torres. Under §322(c), it applies only to "convictions and sentences entered before, on, or after the date of the enactment" of IIRIRA. In 1995, Mr. Torres' deferred adjudication was not a "conviction" for immigration purposes. Since the Magistrate Judge's Amended Report and Recommendation still does not address this crucial legal point, and since the consequences for his future are so great, Petitioner must respectfully object. [2]

Respectfully Submitted,

*/s/ Lisa S. Brodyaga*

Lisa S. Brodyaga,
REFUGIO DEL RIO GRANDE
17891 Landrum Park Rd.
San Benito, TX 78586          Fed. ID: 1178
(956) 421-3226                Texas State Bar: 03052800

---

[2] The threshold issue is whether, under IIRIRA §322(c), the new definition of "conviction" applies to a disposition involving Texas deferred adjudication, bargained for and entered after *Martinez-Montoya, supra,* and before IIRIRA, which issue was left open under *Moosa, supra* at 497. Only if the Court concludes that IIRIRA **did** retroactively convert such a disposition into a "conviction," is it necessary to reach Mr. Torres' alternative contention that he nonetheless remains eligible for §212(c) relief.

4

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, first-class postage prepaid, to Lisa Putnam, SAUSA, P.O. Box 1711, Harlingen, TX 78551, this 13th day of May, 2002.

_____
Lisa S. Brodyaga