IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 0 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARTIN TORRES-CASTILLO,<br>Petitioner,<br><br>v.<br><br>E.M. TROMINSKI, INS<br>DISTRICT DIRECTOR, et al.<br>Respondents. | Civil Action No. B-01-009 |

**RESPONDENTS' REPLY TO PETITIONER'S
OBJECTIONS TO THE AMENDED REPORT AND
RECOMMENDATION OF THE UNITED STATES
MAGISTRATE JUDGE**

COME NOW, Respondents, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and hereby files this reply to the Petitioner's objections to the Magistrate Judge's Amended Report and Recommendation. The Respondents do not object to the Magistrate Judge's Amended Report and Recommendation but wish to address the Petitioner's objections to the Report.

The Petitioner objects to the Amended Report and Recommendation because it fails to address the "threshold issue of whether the deferred adjudication disposition of the charge of sexual assault could retroactively be converted into a **conviction**, such that he would be subject to deportation in the first place." The Petitioner wants this Court to find that the deferred adjudication of the underlying criminal offense is not a conviction.

Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104-208, 110 Stat. 3009 (September 30, 1996) ("IIRIRA"), signed by the President on September 30, 1996, which added a new provision to the Immigration and Nationality Act ("Act") defining "conviction." Section 101(a)(48) of the Act, 8 U.S.C. §1101(a)(48), sets forth for the first time a uniform statutory definition of the term "conviction." See IIRIRA §322(a) codified at §101(a)(48) of the Act, 8 U.S.C. §1101(a)(48) (1998). That new definition states as follows:

> (A) The term 'conviction' means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, **if adjudication of guilt has been withheld**, where--
>
> > (i) a judge or jury as found the alien guilty **or the alien has entered a plea of** guilty or **nolo contendere** or has admitted sufficient facts to warrant a finding of guilt, **and**
> >
> > (ii) **the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed**.
>
> (B) Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part.

See §101(a)(48) of the Act, 8 U.S.C. §1101(a)(48) (emphasis added). The Joint Conference Report commented on the congressional intent in drafting this provision as follows:

> This section deliberately broadens the scope of the definition of "conviction" beyond that adopted by the Board of Immigration Appeals in Matter of Ozkok, 19 I & N Dec. 546. As the Board noted in Ozkok, there exist in the various States a myriad of provisions for ameliorating the effects of a conviction. As a result, aliens who have clearly been guilty of criminal behavior and whom Congress intended to be considered "convicted" have escaped the immigration consequences normally attendant upon a conviction. Ozkok, while making it more difficult for alien criminals to escape such consequences, does not go far enough to address situations where a judgment of guilt or imposition of sentence is suspended, conditioned upon the alien's future good behavior. For example, the third prong of

2

>Ozkok requires that a judgment or adjudication of guilt may be entered if the alien violates a term or condition of probation, without the need for any further proceedings regarding guilt or innocence on the original charge. In some States, adjudication may be "deferred" upon a finding or confession of guilt, and a final judgment of guilt may not be imposed if the alien violates probation until there is an additional proceeding regarding the alien's guilt or innocence. In such cases, the third prong of the Ozkok definition prevents the original finding or confession of guilt to be considered a "conviction" for deportation purposes.
>
>This new provision, by removing the third prong of Ozkok, clarifies Congressional intent that even in cases where adjudication is "deferred," the original finding or confession of guilt is sufficient to establish a "conviction" for purposes of the immigration laws.

H.R. Conf. Rep. No. 828, 104th Cong., 2nd Sess. 224 (1996) 1996 WL 563320 *496-97 [Leg.History].

Section 101(a)(48) of the Act, 8 U.S.C. §1101(a)(48), creates a uniform definition of conviction that is no longer dependent upon the vagaries of state law, and that requires an alien who has pled guilty and received a deferred adjudication and some form of probation to be considered convicted for immigration purposes, regardless of whether there are further proceedings available on the issue of guilt or innocence upon his violation of probation. Moosa v. INS, 171 F.3d 994, 1004-06 (5th Cir. 1999); see also Matter of Punu, Int. Dec. 3364 (BIA 1999) (the third prong of Ozkok for determining whether a conviction exists with regard to deferred adjudication has been eliminated by §101(a)(48) of the Act, 8 U.S.C. §1101(a)(48) and deferred adjudication in Texas is a conviction for immigration purposes); Matter of Roldan-Santoyo, Int. Dec. 3377 (BIA 1999) (an alien has been convicted for immigration purposes where there is a finding or admission of guilt and some punishment is imposed).

As shown, the Petitioner pled nolo contendere in state court for sexual assault and was placed on probation. Pursuant to §101(a)(48) of the Act, 8 U.S.C. §1101(a)(48), this properly

constitutes a conviction because there was a plea of nolo contendere and some form of punishment or restraint on liberty. Section 101(a)(48) of the Act, 8 U.S.C. §1101(a)(48), eliminates the prior administrative and judicial exceptions for state deferred adjudications, prejudgment probations, and vacated or expunged offenses. The plain reading of the statute supports this conclusion.

The Fifth Circuit found unequivocally that the application of the definition of "conviction" shall apply to convictions and sentences entered before, on or after the date of enactment of IIRIRA. *Moosa v. INS*, 171 F.3d 994 (5th Cir. 1999). "The plain language of §322(c) leaves no doubt that Congress intended for the definition of §322(a) to be applied retroactively. Congress could not have more clearly expressed this intent than through its statement that §322(a) was to apply to convictions entered *before* the date of IIRIRA's enactment." *Id.* at 1007.

Further, the Supreme Court, in finding that Congressional intent of §309(c)(1) of IIRIRA, was unclear, specifically cited §322(c) as an example of the unambiguous intent of Congress. "See also IIRIRA ... §322(c) ('The amendments made by subsection (a) shall apply to convictions and sentences entered before, on, or after the dated of the enactment of this Act') ... ." *St. Cyr* at 2290, n. 43.

Therefore, it is clear that the Congressional intent of §322(c) was for the definition of "conviction" to apply to all convictions, even those convictions that occurred before the enactment of IIRIRA.

The plain reading of §101(a)(48) of the Act, 8 U.S.C. §1101(a)(48), and IIRIRA §322(c), together with judicial interpretations of those provisions, supports the Magistrate Judge's conclusion that the Petitioner has been convicted of a crime for which he can be removed from the United States.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney
Attorney in Charge
Georgia Bar No. 590315
Federal Bar No. 23937
P.O. Box 1711
Harlingen, Texas 78551
Tel: (956) 389-7051/Fax: (956) 389-7057

Date: May 20, 2002

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on counsel by depositing a copy of it in the United States mail, first class postage prepaid, to:

    Lisa S. Brodyaga, Esquire
    Refugio Del Rio Grande
    17891 Landrum Park Rd.
    San Benito, TX 78586

on this the __20th__ day of __May__, 2002.

                                                            Lisa M. Putnam
                                                            Special Assistant U.S. Attorney